# Richmond.

## DULIN v.. LILLARD, SHERIFF.

### JANUARY 17, 1895.

#### Absent, Keith, P.*

CRIMINAL LAW—*Habeas Corpus—Dismissal of Indictment—Jeopardy—Delay in Indictment—Delay in Trial—Repeal of Statute giving Jurisdiction.*— A prisoner was arrested and committed to jail on November 8, 1893, on a warrant of a justice of the peace, charging him with murder. At the next succeeding term of the County Court he was indicted for the murder, and upon arraignment elected to be tried in the Circuit Court, which met in the same month. At the November term, 1893, of the Circuit Court the case was continued for the Commonwealth. At the next succeeding term of the Circuit Court in May, 1894, the Circuit Court dismissed the case, of its own motion, in the absence of the prisoner and against his objection, for want of jurisdiction, but without prejudice to the Commonwealth to arrest, indict, and try him for the same offence. He was immediately arrested and confined in jail, upon a new warrant of a justice of the peace, charging him with the same offence. At the next term of the County Court, June, 1894, he was again indicted for the same offence. At the same term of the County Court, upon the calling of the case, he tendered a number of special pleas, which were rejected. He then pleaded "Not guilty," and the case was continued and he was remanded to jail. Thereupon he sued out a writ of *habeas corpus,* alleging that he was illegally detained, and prayed to be discharged.

HELD :

1. The order of the Circuit Court dismissing the indictment could not operate as an acquittal. If the Circuit Court had jurisdiction to try the case, the order of dismissal had the same effect as if the indictment had been quashed, or a *nolle prosequi* entered. It ended that indictment, but did not acquit the prisoner of the offence charged. If the Circuit Court had no jurisdiction it could enter no order which would benefit or prejudice the prisoner, or the Commonwealth.

*Judge Keith sat in the Circuit Court.

2. The prisoner was not "twice in jeopardy" for the same offence. He has never been put upon his trial for said offence, and no jury has ever been charged with his deliverance. In order to show former jeopardy, it must appear that the party was put upon his trial before a court which had jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and that a jury was empaneled and sworn, and was thus charged with his deliverance.

3. The prisoner is not entitled to be discharged from imprisonment, under section 4001 of the Code, because he was under indictment during the whole time the case was pending in the Circuit Court, and at no time did two terms of the County Court elapse without indictment while he was held to answer in *that* court. After the prisoner demanded to be tried in the Circuit Court, and the case was removed to that court, the County Court had no further jurisdiction over the case till after the indictment was dismissed in that court, and the prisoner had been re-arrested under a new warrant issued for that purpose.

4. The prisoner was not entitled to be discharged from prosecution under section 4047 of the Code (as amended February 12, 1894, Acts of Assembly, 1893-4, p. 464). At no time, while the case was pending in either court, did two terms of that court elapse without a trial.

5. The act of February 12, 1894, (Acts of Assembly, 1893-4, p. 464) did not operate *proprio vigore* to discharge the prisoner from further prosecution for the offence, nor did it remand the cause to the County Court for trial; and the case could not be considered as pending in the County Court during the time which elapsed between the passage of that act and the dismissal of the case in the Circuit Court. Whenever a court is deprived of jurisdiction over any class of cases, by the repeal of a statute which gives the jurisdiction, and there is no provision made for the transfer of such cases to some other court which has, or is given jurisdiction, and no reservation made for the trial of pending cases in such court, all such cases fall with the repealed statute.

Error to judgment of the judge of the Circuit Court of Rappahannock county, in vacation, June 29, 1894, refusing to discharge the plaintiff in error from the custody of the jailor of said county.

*Affirmed.*

The opinion states the case.

*J. C. Gibson, Wm. R. Alexander, F. Pendleton Carter, O'Flaherty & Fulton,* and *A. M. Willis, Jr.,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

On the 8th day of November, 1893, the plaintiff in error was committed to the jail of Rappahannock county under a warrant of a justice of the peace upon the charge of murder.

At the next term of the County Court for that county, he was indicted for said offense, and at the same term of the court was arraigned and demanded to be tried in the Circuit Court of said county; whereupon he was remanded to jail for trial in that court. At the next term of the Circuit Court, which was held in the same month, the cause was continued upon the motion of the Commonwealth. At the following term of the Circuit Court, which was held in May, 1894, the court dismissed the said indictment of its own motion, in the absence of the plaintiff in error, and over his objection upon the ground that it had no jurisdiction to try the case, but without prejudice to the right of the Commonwealth to arrest, indict, and try the accused for the offense with which he was charged. After said judgment was entered, and before the accused was actually released from custody, another warrant was issued against him for the same offense, and upon it he was committed to jail to answer an indictment in the County Court. At the June term of the said court, he was again indicted for the same offense. Upon the calling of the cause at that term of the court he tendered a number of special pleas, which were rejected by the court. He then pleaded "not guilty," the cause was continued, and he was remanded to jail.

Afterwards on the 19th day of the said month he presented his petition for a writ of *habeas corpus* to the judge of the said Circuit Court. The writ was accordingly awarded, and the cause coming on to be heard before the judge on the 25th of that month upon the said writ, return thereto, and the evidence offered, the judge was of the opinion that the petitioner was not illegally detained in the custody of the jailor of the said county, and therefore ordered him to be remanded to jail.

This is the judgment to which the writ of error was awarded in the case.

It is claimed by the accused that the amendment to section 4016 of the Code, approved February 12, 1894, Acts of Assembly 1893-94, page 270, repealing so much of that section of the Code as conferred jurisdiction upon the Circuit Courts to try certain criminal cases remanded to such courts by the County Courts had no effect upon the cases then pending in the Circuit Courts; and that the order of the said Circuit Court at its May term, 1894, operated as an acquittal of the accused of the offense for which he is in custody.

We express no opinion upon that question of jurisdiction, as it is not necessary to the decision of this case. For whether the Circuit Courts were deprived of all original criminal jurisdiction by said amendment, or still had jurisdiction to try criminal causes pending in those courts, the order of the said Circuit Court could not operate as an acquittal of the accused of the offense for which he is in custody. If the Circuit Court did not have jurisdiction of the case at its May term, it is very clear that it could enter no order that could either benefit or prejudice the accused, or the Commonwealth. For an order of a court without jurisdiction, except an order dismissing the case, is a mere nullity. See Freeman on Judgments, sec. 116. If it did have jurisdiction of the case, whatever may be the effect of its order, it could not operate as an acquittal of the accused.

. The court dismissed the indictment without a trial of the accused and without prejudice to the Commonwealth's right to arrest, indict and try him for the offense with which he was charged. If the court had jurisdiction of the case, the order of dismissal would have the effect of ending the proceedings commenced in November, 1893, in the same manner as if the indictment had been quashed, or a *nolle prosequi* entered. The accused would be discharged from *liability* on that indictment, but not acquitted of the offense charged in the indictment. Inasmuch as there is no limitation to prosecutions for murder, a new proceeding upon the part of the Commonwealth could be instituted for the same offense at any subsequent time either by the presentment of a grand jury, or by a complaint before a justice. *Com.* v. *Bressant*, 126 Mass. 246; *ex parte Cahill*, 52 Cal. 463; *Ex parte Clark*, 54 Cal. 412.

The claim of accused that he has already been in jeopardy for the offense for which he is now in custody, is not sustained by the record. In order to make such a defense with success, the party relying upon it must show that he has been put upon his trial before a court which has jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and that a jury has been empaneled and sworn, and thus charged with his deliverance. Anything short of this, is insufficient to raise a bar against a new indictment or prosecution for the same offense. 1 Bishop's Cr. Law, sections 1014-1015; Wharton's Cr. Plead. & Prac. sec. 517; Cooley's Const. Lim. [5th ed.], pages 399 400.

The accused in this case has never been put upon his trial. for said offense; no jury has ever been charged with his deliverance, he has therefore never been in jeopardy for the offense for which he is now in custody.

Neither can the claim of the accused be sustained that he

was entitled to be discharged from imprisonment because no presentment or indictment was made against him before the end of the second term of the court in which he was held to answer, as is provided in section 4001 of the Code. This ground of error can have no relevancy to the proceedings had in the Circuit Court, because that court had no jurisdiction of the case at all until after indictment found—and during the whole time he was held to answer in that court he was under indictment.

Nor was there any such delay in indicting him whilst held to answer in the County Court. He was arrested and committed to jail on the 8th day of November, 1893, to answer an indictment in the said County Court. At its next term, in the same month, an indictment was found, and the case remanded to the Circuit Court for trial upon the demand of the accused. The jurisdiction of the County Court over that case was at an end as soon as the case was remanded to the Circuit Court, and it had no control over, or custody of, the accused from that time until the 25th day of May, 1894, when he was again committed to jail to answer for this same offense in the said County Court. At the June term of that court, the first term after his commitment, he was again indicted. There was therefore no delay whatever in the County Court in either case, before indictment, of which he could complain.

Nor was there any delay in the trial of said indictments in either court which entitles him to be forever discharged from prosecution for the offense with which he is charged, as provided in sec. 4047 of the Code as amended by act of the General Assembly, approved February 24, 1894—Acts of Assembly, 1893-4, p. 464. That section of the Code, as amended, provides that "every person against whom an indictment is found charging a felony, and held in any court for trial, shall be forever discharged from prosecution for the

offense if there be three regular terms of the Circuit, or four of the County, corporation or Hustings court, in which the case is pending, after he is so held without a trial," unless the failure to try him was for certain causes not necessary to mention, as neither of them exists in this case.

As there were only two terms of the Circuit Court for said county held during the time the said first indictment was pending in that court, to-wit, the November term, 1893, and the May term, 1894, there was no such delay in trying him in that court as entitles him to be forever discharged from further prosecution.

Nor was there any such delay in trying him in the County Court. He was indicted at the November term, 1893, of that court, and at the same term of the court, upon his own demand, was remanded to the Circuit Court for trial. The County Court never had any further jurisdiction over that indictment. There was therefor but one term of the County Court at which the accused could have been tried upon the first indictment, viz., the November term, 1893. But it is argued very earnestly by the learned counsel for the accused that if the said amendment of February 12, 1894, to section 4016 of the Code, deprived the Circuit Court of jurisdiction to try the indictment pending in that court then the amendment which deprived that court of such jurisdiction *ex proprio vigore* forever discharged the accused from further prosecution for said offense, or else remanded said indictment to the County Court for trial on the day that the said jurisdiction was taken from the Circuit Court, and that, since there had been four terms of the County Court from the time said jurisdiction was taken away from the Circuit Court and no trial of said indictment, he was entitled to be forever discharged from prosecution for said offense.

It has been shown above that taking the jurisdiction away from the Circuit Court could not result in acquitting the ac-

cused. Neither could it operate to transfer that indictment from the Circuit Court to the County Court. Whenever a court is deprived of jurisdiction over any class of cases, by the repeal of a statute which gives the jurisdiction, and there is no provision made for the transfer of such cases to some other court which has or is given jurisdiction, and no reservation made for the trial of pending cases in such courts, all such cases fall with the repealed statute. *The Assessor* v. *Osbornes*, 9 Wall. 567, 575; *Railroad Co.* v. *Grant*, 98 U. S. 398, 401; *South Carolina* v. *Gaillard*, 101 U. S. 433. To remand such a case from the Circuit Court to the County Court would require an act of the legislature, and there is no such act.

The indictment pending in the Circuit Court was therefore never remanded to the said County Court by operation of law or otherwise, and the time between the amendment of said section 4016, and the time the accused was again indicted in June, 1894, cannot be considered in determining whether there was such delay in the County Court in the trial of the accused as entitles him to be forever discharged from the further prosecution for said offense.

Upon every view of this case, therefore, we are of opinion that there is no error in the judgment complained of, and that it should be affirmed.

AFFIRMED.