**Richmond.**

TERRY AND OTHERS v. MCCLUNG AND ANOTHER.

November 23, 1905.

1. STATUTES—*Repeal—Effect on Pending ·Causes*.—Upon the repeal of a statute conferring upon a court jurisdiction of certain causes, without any saving clause as to pending causes of that class, such causes lapse.

2. ROAD—*What Constitutes—Statutory Road—Width—Discretion—Bridleway*.—The word· "road" in its generic sense means all kinds of ways, but in its statutory sense in this State it signifies a turnpike, State road, or county.road, suitable in width and grade for the convenient passage of vehicles. Formerly the standard width was thirty feet, and the present statute, leaving the width discretionary with· the board of supervisors, has never been construed as warranting the establishent of a way of inferior dignity· to a "road".. There is an implied limitation that the character· of the way· as a· "road" shall be maintained. In the absence of special statutory authority a bridleway "for horse back travel" cannot be established.

3. PUBLIC ROADS—*Dedication—Use—Acceptance—License*.—The mere use of a road for any length of time will not make it a public road. A mere permission to the public, by the owner of land, to pass over a road upon it is, without more, to be regarded as a license revocable at the pleasure of the landowner. A road dedicated to the public must be accepted by proper authority upon its records before it can be a public road.

4. PRIVATE EASEMENT—*Prescription—What Constitutes*.—To constitute a private easement, the use and enjoyment of what is claimed must have been adverse, under a claim of right, exclusive, uninterrupted, and with the knowledge and acquiescence of the owner of the estate in, over, or out of which the easement prescribed for is claimed.

5. ESTOPPEL BY CONDUCT.—Conduct will not operate as an estoppel as against one who has not been induced thereby to alter his position to his prejudice.

Appeal from a decree in chancery of the Circuit Court of Highland county, perpetuating an injunction granted to complainants. Defendants appeal.

*Reversed.*

The opinion states the case.

*Braxton & McCoy* and *C. P. Jones & Son,* for the appellants.

*Bumgardner & Bumgardner,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This appeal is from a decree perpetuating a preliminary injunction upon a bill filed by the appellees to injoin the appellants from obstructing an alleged public road in Highland county, leading from Big Valley across Jack mountain to Bullpasture Valley. The appellee, McClung, who is the moving spirit in the litigation, owns two farms located nearly opposite to each other in these valleys, upon one of which he resides, while the other is used chiefly for grazing purposes. There is no road crossing Jack mountain between the Staunton and Parkersburg pike on the north and Muddy run pass on the south, a distance of more than twenty miles; but between those thoroughfares the mountain is traversed by three bridle-ways, or drift-ways, which, by tacit permission of the proprietors of the lands over which they pass have been used by the people of the neighborhood and others for many years as passways, and, occasionally, for driving cattle and sheep across the mountain from one valley to the other.

This was the condition of affairs in the year 1883, when proceedings were instituted in the County Court to establish a public road along one of these ways between the points indicated. The proceedings cover the period from August, 1883, to November, 1886, and are evidenced by eight orders of the County Court. They were to the last degree irregular, and failed to comply with the requirements of the statute in many

essential particulars. But since we are of opinion that none of the orders of the County Court establishes a "road," within the meaning of the statute, it is unnecessary to notice in detail mere irregularities of procedure.

The County Court undertook to deal with the route in sections, and the only order which can be fairly said to establish any part of it directs the opening of the two middle divisions "for horseback travel, in such manner as to preserve the location." But there has never been a final order, establishing the road as applied-for, from which an appeal would lie (*R. F. & P. R. Co.* v. *Johnston,* 99 Va. 282, 38 S. E. 195), and while the matter was *in fieri* and undetermined the act of February 3, 1888, was passed, which deprived the County Court of Highland county of all jurisdiction in road cases, and conferred that jurisdiction upon the Board of Supervisors. Acts, 1887-8, p. 68. The act contains no saving clause providing for the transfer of pending cases to the Board of Supervisors, and therefore, upon familiar principles, these proceedings lapsed with the repeal of the statute by whose authority they were instituted, and were never afterwards renewed before the Board of Supervisors. *Dulin's Case,* 91 Va. 718, 20 S. E. 821; *Yeatman* v. *U. S.,* 5 Cranch. 283, 3 L. Ed. 101; *Ins. Co.* v. *Richie,* 5 Wall. 544, 18 L. Ed. 540; *The Assessor* v. *Osborne,* 9 Wall. 575, 19 L. Ed. 748; *Railroad Co.* v. *Grant,* 98 U. S. 398, 401, 25 L. Ed. 231; *South Carolina* v. *Goillard,* 101 U. S. 433, 25 L. Ed. 937; *Todd* v. *Lantz,* 12 Am. Dec. 479; n. pp. 480, 481; *Hunt* v. *Jennings,* 33 Am. Dec. 466; Sedgwick on Constr. Stat. (2nd Ed.), p. 108, n. A, and pp. 111, 112.

It also appears that the only provision made to remunerate any land owner for property proposed to be taken for public use, is found in the last order of the County Court, which certifies to the Board of Supervisors $100, as just compensation to one of the proprietors for a change in the location of the proposed road on his premises; but even that allowance the Board of Super-

visors declined to make until the road should be completed the entire distance at least five feet wide and not to exceed five degrees in grade at any point—conditions which were never complied with, and the order, by its terms, stood revoked.

The word "road," in its generic sense, means all kinds of ways, whether they be carriage-ways, driftways, bridleways, or footways; but in the narrower statutory use of the term in this State it signifies a turnpike, State road or county road, and contemplates a suitable way in width and grade for the convenient passage of vehicles. Va. Code, 1904, sec. 3878.

As early as October, 1748 (22 George II), an act was passed by the General Assembly, to take effect June 10, 1751, prescribing thirty feet as the standard width for public roads, and that requirement has been adhered to in the general statutes of the State down to the present time. 3 Henning's Stat. at Large, 392-94; 6 Idem., 64-65; Va. Code, 1904, sec. 944a (2).

The authority conferred by the last mentioned section to order a different width in establishing new roads is for the purpose of enabling the tribunal charged with that duty to meet the exigencies of exceptional cases. It has never, however, been construed as warranting the establishment of a way of inferior dignity to a "road," and must be exercised subject to the implied limitation that the character of the way as a "road" shall be maintained. Consequently, in the absence of special statutory authority, the action of the County Court in thus attempting to establish a bridleway "for horse-back travel" was plainly in excess of its jurisdiction and void.

Accordingly, it has been held by the Supreme Court of Missouri, in *Hughes* v. *Mermod,* 25 S. W. 891—in construing a statute of that State which declares that a public road should be "not less than thirty nor more than sixty feet wide, to be determined by the County Court, according to the utility and necessity of such road"—that the County Court had no jurisdiction to establish a road outside the discretionary limits fixed by statute.

The county authorities have never recognized the proposed route as a public road, nor made any appropriation for its location, construction or maintenance; and the proceedings, so far as the public are concerned, had to all intents and purposes been finally abandoned years before the institution of this suit in 1900.  It cannot be that this abortive attempt on the part of the appellees to convert a bridleway into a public road furnishes any legal grounds for the injunctive relief accorded to them by the decree appealed from.

The remaining contentions of appellees, namely: That there has been a dedication of the road to the public, or, else, that they have acquired a private right of way along its route, are also unsustained.  The law on the subject is well settled, that "the mere user of a road by the public, for however long a time, will not constitute a public road; that a mere permission to the public by the owner of land to pass over a road upon it, is, without more, to be regarded as a license, and revocable at the pleasure of the owner; that a road dedicated to the public must be accepted by the County Court upon its records before it can be a public road."  *Com.* v. *Kelly,* 8 Gratt. 632, and note Va. Rep. Anno.  *Harris' Case,* 20 Gratt. 833; *Talbott* v. *R. & D. R. Co.,* 31 Gratt. 688; *Gaines* v. *Merryman,* 95 Va. 660, 29 S. E. 738.

With respect to what is requisite to constitute a private easement, it has been held: "That the use and enjoyment of what is claimed must have been *adverse, under a claim of right, exclusive, uninterrupted,* and with the knowledge and acquiescence of the owner of the estate in, over, or out of which the easement prescribed for is claimed."  Washburn on Easements and Servitudes 4th Ed.), p. 150; *Gaines* v. *Merryman, supra; Reid* v. *Barnett,* 101 Va. 47, 43 S. E. 182.

The matters of estoppel relied on in this connection, such as the payment of money by McClung for work done upon certain sections of the route, and the like, do not apply to all the proprietors, and the record fails to disclose that the appellees have been thereby induced to injuriously alter their position in

any particular with regard to the controversy.   Without pro-
longing this opinion, therefore, to enter upon a specific discus-
sion of the evidence, it is only necessary to observe that it falls
far short of establishing any of the foregoing assertions.

It follows from what has been said that the decree appealed
from is erroneous, and must be reversed; and this court will
enter such decree as the Circuit Court ought to have entered.

*Reversed.*