# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## FULKERSON *v.* CITY OF BRISTOL.

### June 21, 1906.

### Absent, Keith, P.

1. MUNICIPAL CORPORATIONS—*Local Assessments—Repeal of Charter—One of a Class—Uniformity.*—An assessment to meet the costs of a local improvement to a street cannot be enforced against one property owner of a class, when all of the class originally liable to the assessment cannot be compelled to pay the assessment because of the delay and failure of the corporate authorities to perfect its assessment against all the properties before the adoption of the Constitution of 1902, which expressly took away all right to make and levy such assessments, as such assessment would not be uniform, as required by law. It would compel one owner not only to pay the special assessment on his property, but also to contribute his proportion of the general taxation necessary to make up the deficiency occasioned by failure to perfect, while the power existed, special assessments against the property of others of the same or similar class.

2. MUNICIPAL CORPORATIONS—*Local Assessments—Repeal of Charter Powers—Subsequent Enforcement of Prior Assessments.*—The Constitution of 1902 repealed, without reservation, the provisions of the charters of all municipal corporations authorizing the making of special assessments upon abutting lands or lots for the purpose of paying the costs of local improvements to the streets of such corporations, and the right to make or to enforce the payment of such assessments, though made before such repeal, ceased with such repeal.

Appeal from a decree in chancery of the Corporation Court of the city of Bristol. Decree in favor of complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*Fulkerson, Page & Hurt* and *Bullitt & Kelly,* for the appellant.

*Roberts & Roberts,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

The question involved in this case is the right of the appellee, the city of Bristol, to enforce payment of a local assessment levied upon the property of appellant to defray the expenses of paving a street of the city upon which the property abuts. The improvement for which the assessment is levied, pursuant to authority in the city conferred by section 72 of its charter (Acts 1899-1900, pp. 627-640, etc.), was made in the year 1901, and at the December term, 1901, of the Corporation Court of the city the assessment upon the property of appellant and other properties similarly situated was submitted to the court. Exceptions by some of the property owners, including appellant's father, from whom appellant derives title to the property upon which it is here sought to enforce the assessment, were taken, which were overruled and the report confirmed as to some of the exceptions, including appellant's father. As to certain other property owners, upon whose property it was proposed to make an assessment, who had not been notified of the proceedings before the board of assessors, the report was recommitted.

At the January term of the court, 1903, a report was filed by the board of assessors as to the assessments which had been recommitted to them as stated, and at a subsequent term a part of the assessments then reported were confirmed over excep-

tions, and the report again recommitted as to certain property owners who had not then been notified of the proceedings before the assessors. No further report has been made or proceedings had as to the assessment against the property owners as to whom the second report was recommitted, and it appears that the city has abandoned any effort to make an assessment upon their property on account of the improvements, for the payment of which the property of appellant and others was assessed by the reports of the assessors, confirmed at the December term, 1901, and the February term of the court, 1903, respectively.

The bill in this cause was filed by the city of Bristol in June, 1905, to enforce payment of the assessment upon the property of appellant confirmed at the December term of the court, 1901; and to this bill appellant presented his answer, setting up the matters above mentioned and alleging as a complete defense to the suit that the complainant, appellee here, being debarred from collecting the assessments upon all the property embraced in the report of the board of assessors filed in December, 1901, should not be permitted to enforce payment of any of those assessments, because to do so would be inequitable, and because there was, and could be, no uniformity in the taxation of the several properties for the improvements in question by reason of the fact that the city had delayed the proceedings as to some of the property owners until after the new Constitution took effect, July 10, 1902, whereby their properties could not be required to bear the burden of this special assessment, and whereby it would become necessary to pay for said improvements, in large part, by general assessments which, by reason of their bearing upon appellant's property would further increase the inequality and lack of uniformity in the taxation of his property.

Exceptions to the answer were sustained, and a decree entered

against appellant for the amount asserted in the bill. There-
fore, the question for determination, as stated in the outset, is,
has appellee the right to enforce the payment of the assessment
asserted in its bill?

The assessments which were confirmed upon the considera-
tion of the report filed January 13, 1903, came under the
review of this court in *Hicks* v. *City of Bristol,* 102 Va. 861,
47 S. E. 1001, and it was held that after the present Constitu-
tion took effect, July 10, 1902, the local assessments sought to
be enforced against the property of Hicks and others had not
been assessed and could not be without further exercise of a
power which the city no longer had, since the provision in its
charter which conferred the power to make assessments to de-
fray the expense of local improvements had been repealed, and
dismissed the proceedings against plaintiffs in error.

Section 170 of the present Constitution is: "No city or town
shall impose any tax or assessment upon abutting landowners
for streets or other public local improvements, except for mak-
ing sidewalks upon existing streets, and improving the existing
alleys, and for their construction, or for the use of sewers; and
the same, when imposed, shall not be in excess of the peculiar
benefits resulting therefrom to such abutting landowners."

The effect of that section and section 117 of the Constitution
was to amend the charter of the several cities and towns in the
Commonwealth so as to conform to all the provisions, restric-
tions, limitations and powers set forth in article 8, or otherwise
provided in the Constitution, and to repeal such charters so far
as they authorized a local assessment for street paving, etc.
*Hicks* v. *City of Bristol, supra.*

It was further held in that case that sections 3 and 4 of the
schedule of the Constitution, the one providing, "Except as
modified by this Constitution, all suits, actions, and causes of

action, prosecutions, rights of individuals, of bodies corporate or politic and of the State, shall continue"; and the other, "All taxes, fines, penalties, forfeitures and escheats, accrued or accruing to the Commonwealth, or to any political subdivision thereof, under the present Constitution, or under the laws now in force, shall, under this Constitution, enure to the use of the Commonwealth, or of such subdivision thereof"; did not reserve to the city of Bristol the authority to enforce payment of the assessments upon the property of plaintiffs in error asserted in that suit.

The assessment sought to be enforced in this case was made at the same time, on the same street, and under the same ordinance that assessments against other properties for the same improvements, which cannot be collected or enforced, as ruled in *Hicks* v. *City of Bristol, supra,* were made; and it is contended for the city that the last-named case is to be distinguished from the case under consideration by the fact that the assessment sought to be enforced against appellant's property was perfected before the adoption of the present Constitution, whereby the city, by virtue of section 72 of its charter then in force, acquired a lien on the abutting property now owned by appellant as the only heir at law of A. Fulkerson, deceased, who owned the property when the assessment in question was made. In other words, the contention is that this lien cannot be collaterally impeached, and a number of authorities are cited for that proposition; but we are of opinion that they have no application to the case.

The precise question to be here considered and determined is can an assessment to meet the costs of a local improvement to a street be enforced against one property owner of a class when all of the class originally liable to the assessment cannot be compelled to pay the assessment because of the delay and

failure of the corporate authorities to perfect its assessments against all the properties before the adoption of the Constitution of 1902, which, by its express terms, put an end to all right to make and levy such assessments?

Clearly the assessment in question cannot be uniform, because it appears that even if all the assessments, as made by the report of December, 1901, had been collected, still a part of the cost of the improvement would have been paid for out of the general fund of the city arising from taxation, for the reason that because of the failure of the city authorities to perfect its proceedings for assessment by notice to all the parties upon whom the assessment was to fall, the city is unable since the adoption of the present Constitution to collect from these property owners, and it follows that an increased part of the costs of the improvement must be provided for by general taxation, the result being that some property owners whose properties may have been benefited by paving the streets, and so reported by the assessors, pay no special tax for the same, while as to others, including appellant, the city is endeavoring to compel them to pay the full amount assessed against their property for such supposed benefit, and, in addition, will require them to contribute in general taxation to make up the deficiency arising from the delay and neglect of the city in its proceedings, not only as to owners of property on the streets named in the report of December, 1901, but as to owners of other property on other streets, against whom proceedings were ineffectually taken.

Undoubtedly the city had authority under its charter, prior to the adoption of the present Constitution, to make and collect a special assessment, such as is sought to be collected of appellant, and the constitutional requirement of equality and uniformity only extends to such objects of taxation as the Legislature shall determine to be properly subject to the burden, the

power to determine the persons and the objects to be taxed being trusted exclusively to the legislative department; but over all those objects the burden must be spread or it will be unequal and unlawful as to such as are selected to make the payment. Cooley on Con. Lim. (6th ed.) 633. The same author, discussing the requirement that taxation must be levied with equality and uniformity, at page 608, says: "In this particular the State constitutions have been very specific, though in providing for equality and uniformity they have done little more than to state in concise language a principle of constitutional law, which, whether declared or not, would adhere in the power to tax."

A tax, whether direct, upon property in proportion to its value, or upon some basis of apportionment, which the Legislature shall regard as just, must keep in view the general idea of uniformity. Same author, at p. 609; 6 Am. & Eng. Enc. L. (2d ed.) 967.

A tax upon property owners, according to benefits arising from local improvements, like any other tax, can neither be levied nor collected without special legislative authority, and the burden of such a tax must be borne equally and uniformly by all of the owners of the properties benefitted; therefore, in our view, no matter at what stage in the proceedings to assess and collect the tax the lack of the required equality and uniformity in the burden of the tax is disclosed, the authority to assess or to collect the tax ceases.

It was expressly held in *Hicks* v. *City of Bristol, supra,* that the repeal of a tax law puts an end to all right to proceed to a levy of a tax under it, even in cases already commenced, unless the right is reserved in the repealing statute, and statutory remedies for the enforcement of a tax are gone when the statute is repealed without a saving; and that the repeal of that por-

tion of the charter of appellee authorizing the imposition of a local assessment for a particular purpose contained no saving of the right to levy the assessment, although the proceedings to levy the assessment had already commenced prior to the repeal of the law authorizing the assessment.

That the same principle applies to a case where the assessment is made but not enforced to a collection before the law authorizing the assessment was repealed, necessarily follows, as it seems to us. It is analogous to the principle maintained upon a number of authorities cited in *Dulin's Case,* 91 Va. 718, 20 S. E. 821; *Terry* v. *McClung,* 104 Va. 599, 52 S. E. 355.

In the first-named case it was said: "Whenever a court is deprived of jurisdiction over any class of cases by the repeal of a statute which gives the jurisdiction, and there is no provision made for the transfer of such cases to some other court which has or is given jurisdiction, and no reservation made for the trial of pending cases in such court, all such cases fall with the repealed statute."

In *Terry* v. *McClung, supra,* it was held that an act of the Legislature depriving the County Court of Highland county of all jurisdiction in road cases, and conferring the same on the board of supervisors, and which contains no saving clause providing for the transfer of pending cases to such board, where no final order establishing a road as applied for, and from which an appeal would lie, was made, and while the matter was *infieri* and undetermined, said act was passed, the proceedings lapsed with the repeal of the statute under which they were instituted.

We are of opinion that upon the repeal by the adoption of the present Constitution of so much of appellant's charter as authorized the making of special assessments upon abutting lands or lots for the purpose of paying the costs of local improve-

ments to the city's streets, the right to make or to enforce payment of such assessments, though made before the repeal of the statute, fell with the repealed statute.    Therefore, the decree appealed from must be reversed and annulled, and this court will enter such decree as the lower court should have entered, dismissing appellee's bill with costs to appellant.

*Reversed.*