## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Jarret O'Keith Hagwood

October 10, 2003

Case No. 02-275

BY JUDGE EDWARD L. HOGSHIRE

This is to address Defendant's Motion to Dismiss on the ground that the case was previously dismissed with prejudice by the Albemarle County Circuit Court. Although not stated as grounds for the motion, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Virginia Code § 19.2-293 are clearly implicated. But for the reason set forth below, the Motion to Dismiss is not well founded and should be dismissed.

*Procedural History*

Jarret Hagwood was initially indicted in Albemarle County for attempted fraud, a violation of Virginia Code §§ 18.2-26 and 18.2-178. Following a brief hearing at which the Commonwealth moved to nol pros the charge, the indictment was dismissed by the Albemarle Circuit Court on August 8, 2002. An indictment was then brought in the City of Charlottesville for the same offenses. The Defendant filed a Motion to Dismiss based upon his theory that the dismissal by the Albemarle Circuit Court was a "final resolution of the case," stating that "double jeopardy is not an issue in this case." (Def.'s Br. at 2.) He contends, without citing authority therefor, that the issue is "whether or not the County of Albemarle had concurrent jurisdiction with the City of Charlottesville with reference to this case." (Def.'s Br. at 3.)

*Statement of Facts*

The facts as proffered in the briefs and the record do not appear in dispute. The Defendant was a student at the University of Virginia ("UVA") during the fall semester of 2001. (Resp. Mot. Dismiss at 1.) On September 14, Defendant is alleged to have cashed a UVA check for $1,116.13 at the Newcomb Hall branch of Wachovia Bank located on UVA's grounds in Albemarle County. (Br. in Supp. Mot. Dismiss at ¶ 1.) On October 8, 2001, Defendant went to UVA's Bursar's Office at Carruthers Hall, located in the City of Charlottesville, asserting that he had not cashed the September 14th check when he allegedly executed an affidavit of forgery and requested that the University issue a second check to him. (Br. Supp. Mot. Dismiss ¶ 1.)

*Issues Presented*

Did the Albemarle Circuit Court dismiss the case with prejudice having had "concurrent jurisdiction with this court"? Does Double Jeopardy bar the Charlottesville prosecution based on the dismissal of a prior indictment for the same underlying offense in Albemarle County?

*Analysis*

The Defendant asserts that concurrent jurisdiction of Charlottesville and Albemarle in this matter is dispositive of whether the motion to dismiss should be granted. But it is unnecessary for the Court to determine whether Albemarle has "concurrent jurisdiction" with the Charlottesville in this matter in order to dispose of the motion to dismiss. Regardless of whether Albemarle has jurisdiction over the matter, the issue is whether jeopardy attached prior to dismissal of the indictment.

The Virginia Supreme Court stated in *Dulin v. Lillard* that, in order to successfully claim double jeopardy:

> The party relying on it must show that he has been put upon his trial before a court which has jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and that a jury has been empaneled and sworn, and thus charged with his deliverance. Anything short of this is insufficient to raise a bar against a new indictment or prosecution for the same offense.

91 Va. 718, 722, 20 S.E. 821, 822 (1895). Thus, in a jury trial, jeopardy will not attach until the jury is empaneled. *Crist v. Bretz*, 437 U.S. 28, 38, 98 S. Ct. 2156, 2162 (1978); *Rosser v. Commonwealth*, 159 Va. 1028, 167 S.E. 257

(1933); *Bradshaw v. Commonwealth*, 228 Va. 484, 492, 323 S.E.2d 567, 572 (1984). In a bench trial, jeopardy will not attach until the Commonwealth begins to introduce testimony. *Serfass v. United States*, 420 U.S. 377, 95 S. Ct. 1055, 1062 (1975). In this instance, a jury had not yet been empaneled. If a trial court dismisses an indictment before the jury is sworn or before the court hears evidence, jeopardy has not attached and the defendant may be indicted and tried for the same offense. Va. Code Ann. § 19.2-293; *Mealy v. Commonwealth*, 193 Va. 216, 68 S.E.2d 507 (1952).

Defendant argues that the dismissal of the first indictment was a dismissal on the merits. Double jeopardy can only be raised successfully as a defense if the original dismissal constituted an adjudication amounting to an acquittal. *Adkins v. Commonwealth*, 175 Va. 590, 596-97, 9 S.E.2d 349, 351-52 (1940). The Virginia Supreme Court noted in *Johnson v. Commonwealth* that:

> *United States v. Scott*, 437 U.S. 82 (1978), recognizes that double jeopardy following dismissal depends on subtle distinctions in the reasons underlying a judgment. . .The Court held that a defendant is acquitted for double jeopardy purposes where the ruling of the trial judge represents a resolution in the defendant's favor. . .of some or all of the factual elements of the offenses charged. This permits a court to distinguish between a dismissal granted pursuant to a legal defense and a dismissal granted pursuant to a factual defense. The latter would qualify as an acquittal for double jeopardy purposes. A legal dismissal might not because its effect could result in a termination of the proceedings against the defendant on a basis unrelated to factual guilt or innocence.

221 Va. 736, 743-44, 273 S.E.2d 784, 789-90 (1981).

This rationale applies to the case at bar. The dismissal by the Albemarle Circuit Court was not a dismissal on the merits as the defense contends. The court did not determine if the offense occurred in Albemarle or Charlottesville, and this was the only factual issue even raised at the first proceeding. At the time of the colloquy with the court, the Defendant had not been arraigned. Furthermore, the transcript shows that the presiding judge did not intend for his order of dismissal to be "with prejudice," i.e., one amounting to an acquittal:

> The Court: So Mr. Hallahan, if I grant your motion to dismiss it, there is no reason they cannot indict him in the city is there?

Mr. Hallahan: We argue, Your Honor ... double jeopardy's been arrested.

The Court: Had not been arraigned.

(Ct. Tr. at 6.)

Despite the fact that the Albemarle Circuit Court did not enter an order of nolle prosequi as requested by the Commonwealth, the first indictment in Albemarle was dismissed prior to arraignment; therefore, jeopardy never attached.

## Conclusion

For the reasons stated, the Motion to Dismiss is denied.