PUBLISHED

## *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **1st** *day of* **August, 2023**.

Maeng Jong Choi                                                                                          Appellant,

against          Record No. 0727-22-4
                    Circuit Court No. CL2022-00268

Young Ae Choi,                                                                                          Appellee.

From the Circuit Court of Fairfax County

Before Judges Humphreys, Malveaux and Fulton

Appellant, Maeng Jong Choi, appeals from a pendente lite order of the Fairfax County Circuit Court ordering him to pay retroactive and ongoing spousal and child support and the accompanying arrears. For the reasons below, we hold that we do not have subject matter jurisdiction over appellant's interlocutory appeal and accordingly dismiss his appeal.

### BACKGROUND

On January 10, 2022, appellee Young Ae Choi filed a complaint for divorce in the circuit court alleging desertion and cruelty. On January 26, appellee filed her motion for pendente lite relief including spousal and child support, exclusive use of the marital residence, legal and physical custody of the minor children, and attorney fees. On March 11, the circuit court heard argument on the pendente lite motion. On April 21, 2022, the circuit court entered a pendente lite order granting in part appellee's motion. The court ordered retroactive spousal and child support to the date of the motion in the amount of $4,604 and $1,725 respectively. Additionally, the court calculated arrears in the amount of $12,648. Appellant filed his notice of appeal on May 13, 2022.

### ANALYSIS

"It is axiomatic that before considering the merits of a case, we must have subject matter jurisdiction." *de Haan v. de Haan*, 54 Va. App. 428, 435 (2009) (citing *Comcast of Chesterfield Cnty., Inc. v. Bd. of*

*Supervisors*, 277 Va. 293, 299 (2009)). This Court may raise the issue of subject matter jurisdiction sua sponte, for orders "entered without subject matter jurisdiction are void and may be challenged 'directly or collaterally by all persons, anywhere, at any time, or in any manner.'" *Id.* (quoting *Singh v. Mooney*, 261 Va. 48, 52 (2001)).

On the date of the pendente lite order, this Court only had appellate jurisdiction over final judgments, orders and decrees, and interlocutory orders entered pursuant to Code §§ 8.01-267.8 (Multiple Claimant Litigation Act), 8.01-626 (injunctions), and 8.01-675.5 (certified orders or immunity orders). *See* 2022 Va. Acts c. 714; Code § 17.1-405. However, in between the date of the pendente lite order and the notice of appeal, the General Assembly amended Code § 17.1-405 to permit appeals from "Any interlocutory decree or order involving an equitable claim in which the decree or order (i) requires money to be paid or the possession or title of property to be changed or (ii) adjudicates the principles of a cause." This amendment had an effective date of April 27, 2022. Finally, during the pendency of this appeal, the General Assembly further amended Code § 17.1-405 to prohibit this Court from hearing interlocutory appeals in orders involving divorce, custody, support, or "any other domestic relations matter arising under Title 16.1 or 20." 2023 Va. Acts ch. 742. This legislation included an emergency provision and was effective from the date of its passage, April 12, 2023. *Id.*

The terms of Code § 17.1-405 clearly exclude this appeal from our appellate jurisdiction. "A pendente lite order is interlocutory." *Everett v. Tawes*, 298 Va. 25, 34 (2019). A pendente lite order "is not a final order, is not directly appealable, and has no presumptive or determinative effect on the underlying cause of divorce." *Id.* It is clear that appellant's appeal from the circuit court's pendente lite order was an interlocutory appeal from an order involving a domestic relations matter arising under Title 16.1 or 20 of the Virginia Code.

Furthermore, the General Assembly's decision to strip us of jurisdiction over interlocutory appeals in domestic relations cases applies to this appeal, despite the fact that the notice of appeal was filed prior to the passage of the jurisdiction stripping legislation. A core principle of statutory interpretation is that

-2-

"interpreting a law to apply retroactively is 'not favored, and . . . a statute is always construed to operate prospectively unless a contrary legislative intent is manifest.'" *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021) (quoting *Berner v. Mills*, 265 Va. 408, 413 (2003)); *see also Booth v. Booth*, 7 Va. App. 22, 26 (1988) ("[T]he general rule of statutory construction is that legislation only speaks prospectively."). "Every reasonable doubt is resolved against a retroactive operation of a statute, and words of a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them." *Shilling v. Commonwealth*, 4 Va. App. 500, 507 (1987).

Virginia case law is clear that this presumption can be overcome in two ways. First, a statute may apply retroactively when the General Assembly uses explicit terms detailing the retroactive effect of the legislation. *McCarthy*, 73 Va. App. at 647. Second, where a law affects procedure only, instead of vested or substantive rights, the statute may "be given retroactive effect." *Id.* (quoting *Sargent Elec. Co. v. Woodall*, 228 Va. 419, 424 (1984)). "A law affects substantive rights if it 'deals with [the] creation of duties, rights, and obligations.'" *Id.* at 650 (quoting *Shiflet v. Eller*, 228 Va. 115, 120 (1984)). Alternatively, laws are procedural if they "prescribe[] methods of obtaining redress or enforcement of rights." *Shiflet*, 228 Va. at 120.

Jurisdiction stripping statutes are procedural and therefore apply to cases pending at the time of enactment. In *Terry v. McClung*, 104 Va. 599 (1905), the Virginia Supreme Court held that a claimant could not challenge the blocking of a public road in the county court because the General Assembly stripped the courts of jurisdiction to review such actions and granted jurisdiction to the Board of Supervisors. The Court wrote that:

> there has never been a final order, establishing the road as applied for, from which an appeal would lie and while the matter was in fieri and undetermined the act of February 3, 1888, was passed, which deprived the county court of Highland county of all jurisdiction in road cases, and conferred that jurisdiction upon the board of supervisors. The act contains no saving clause providing for the transfer of pending cases to the board of supervisors, and therefore, upon familiar principles, these proceedings lapsed with the repeal of the statute by

-3-

whose authority they were instituted, and were never afterwards renewed before the board of supervisors.

*Id.* at 601 (citations omitted).[1]

Additionally, the General Assembly chose not to include a savings clause in its jurisdiction stripping legislation. When the General Assembly has divested this Court of jurisdiction in other areas, it has sometimes chosen to permit this Court to adjudicate pending litigation. *See, e.g.*, 2022 Va. Acts ch. 307, § 2 (removing this Court's jurisdiction to hear interlocutory appeals in certain cases involving sovereign, absolute or qualified immunities, but containing a savings clause that "any case affected by the provisions of this act for which a petition for review to the Court of Appeals of Virginia has been filed prior to July 1, 2022, shall continue in the Court of Appeals of Virginia and . . . shall not be affected by the provisions of this act."). The General Assembly did not append such a savings clause when it divested this Court of jurisdiction over interlocutory appeals in domestic relations matters.

<u>CONCLUSION</u>

Because we lack the subject matter jurisdiction to adjudicate interlocutory orders in domestic relations cases, we dismiss appellant's appeal.[2]

This order shall be published and certified to the circuit court.

A Copy,

Teste:

A. John Vollino, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

---

[1] The United States Supreme Court has also explained that jurisdiction stripping statutes are generally procedural and governed by present law "because jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'" *Landgraf v. USI Film Products, Inc.*, 511 U.S. 244, 276 (1994) (quoting *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 100 (1992) (Thomas, J., concurring)).

[2] As we do not have jurisdiction to adjudicate this appeal, we also deny appellant's motion for attorney fees.

-4-