## Richmond.

## GAINES v. MERRYMAN.

### MARCH 17, 1898.

### Absent, Cardwell, J.

1. APPEAL AND ERROR—*Entire Record Brought Up By Appeal.*—An appeal to this court, when allowed, brings before the court for review the entire record of the cause, and, under Rule IX, errors to the prejudice of' the appellee may be corrected without requiring him to take a formal cross-appeal. An appellant cannot appeal from only so much of a decree as is prejudicial to him, and leave the residue in force.

2. PUBLIC ROADS—*Mere Use By the Public—Dedication—Acceptance—Acquiescence.*—The mere use of a road by the public for any length of time will not constitute it a public road. Where there has been dedication to the public use, there must also be acceptance by the County Court on its records before it can be a public road. Mere permission, by the owner of land, to the public to pass over a road, without more, is deemed to be a license, revocable at the pleasure of the owner; and the declaration of the County Court that the road is a public road does not of itself constitute it a public road, unless the owner of the soil permits it to be used as such by the public, with knowledge of the claim, and without objection.

3. PUBLIC ROADS—*Acts of Assembly, 4 Anne, and October 31, 1751.*—Neither the act passed in the fourth year of the reign of Queen Anne, nor the act approved October 31, 1751, was intended to establish as public highways all roads in use at the dates of their passage. They do not establish roads, but refer to roads already established and those directed to be established according to the provisions of those acts, and provide how they are to be opened and kept in order.

4. PUBLIC ROADS—*Loss of Records—Presumption as to Dedication or Acceptance.*—A dedication of a road to the public use, or the acceptance on the part of the proper authorities, cannot be presumed merely because records have been lost or destroyed. The effect of such loss or destruction is simply to change the mode of proof of the contents of the records, and to admit secondary evidence in the place of an exemplification of the record.

5. PRIVATE WAYS—*Evidence of Right to.*—In order to establish a private right of way over the lands of another the use and enjoyment thereof by the claimant must be shown to have been adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the land over which it is claimed.

Appeal from a decree of the Circuit Court of Henrico county, pronounced March 25, 1896, in a suit in chancery wherein appellant was the complainant, and the appellee and others were the defendants.

*Reversed.*

The opinion states the case.

*L. L. Lewis* and *A. R. Courtney,* for the appellant.

*Geo. P. Haw,* for the appellee.

KEITH, P., delivered the opinion of the court.

William F. Gaines filed his bill in the Circuit Court of Henrico county in which he states that he is the owner of a farm in said county about five miles from the city of Richmond, bounded on the north by the Chickahominy swamp. Along the southern front of his farm, and the farms of Elam, Merryman, and Bossieux there is a neighborhood road which has for years been used, and is now used, by occupants of said land in going to and from the Mechanicsville Turnpike, on the east, to Austin avenue, on the west, in order to reach the city of Richmond. In 1891 a road was opened from Bossieux's farm, which is on the extreme west of the lands before mentioned, to the Mechanicsville Turnpike, which is shown on the plats filed with the record as Austin avenue. After Austin avenue was made a public road, certain citizens of Hanover and Henrico counties petitioned the County Court of Henrico county to open a road along the dividing line between Gaines and Merryman and the land of Carter on the

south, and thence along the line of the farms before mentioned to the point of intersection with Austin avenue, but this petition the County Court of Henrico rejected; and thereupon Merryman and others announced their purpose to use the roadway as a public road, denying that Gaines had authority to interrupt its use as a public highway. Gaines, in his bill, denies that the roadway across the land has ever been designated or recognized as a public road, or that any person has a right to pass over it without his consent. He avers that, at certain seasons of the year, the proposed road will be used by great numbers of people in going to and from the city of Richmond, and that the value of his land will be greatly depreciated and irremediable injury done him in consequence thereof. He therefore prays that an injunction be awarded restraining W. N. Merryman and others named, and all other persons, from passing across his land, and using the said roadway without his consent, and that his rights in the premises may be ascertained and determined.

This bill was answered by Merryman, and, the other defendants having adopted his answer as their own, evidence was taken, and the Circuit Court decided by its decree of March 25, 1896, that the road in controversy was not a public highway, and perpetuated the injunction which had been theretofore awarded in that respect; but, being of opinion that Merryman, as the owner of the tract adjoining the plaintiff, had a right of way across the plaintiff's land at his will and pleasure, and without the consent of the plaintiff, dissolved the injunction, and dismissed the plaintiff's bill as to Merryman. From this decree or so much of it as declares that Merryman had a right of way over his land, Gaines applied for and obtained an appeal to this court.

Upon the hearing, appellees claimed that, under rule IX of this court, they had a right to bring to its attention, and have this court pass by way of cross-appeal upon, that portion of the decree of the Circuit Court which decided that the road across the southern boundary of Gaines' land is not a public highway.

The appellant on the other hand contends that he only appealed from so much of the decree of the Circuit Court as declared that the appellee, Merryman, had a right of way across his land; that the decree dealt with two subjects, a right to a public road and a right to a private easement; that they are separable, and that an appeal from the one does not involve a consideration of the other; and that the *supersedeas* in this case was asked for, and the order allowing it applied only to the private right of way.    He relies upon sec. 3467 of the Code, which is as follows:

"Any court or judge to whom a petition is duly presented, if of opinion that the decision complained of ought to be reviewed, may allow an appeal, writ of error, or *supersedeas*, and in case of appeal (as well as of writ of error), may award a *supersedeas* to stay proceedings, either in whole or in part."

We cannot concur in the construction contended for by appellant.    The appeal when allowed brings before this court for review the entire record, and the statute just quoted does not impose or authorize any limitation upon the operation of the appeal.    It does permit a restriction to be placed upon the *supersedeas* which may be so framed as to "stay proceedings, either in whole or in part."    It would lead to much confusion were an appellant permitted to select from a decree and bring before this court so much as injuriously affected his interests, and leave the residue in full force.    It would virtually abrogate the ninth rule of this court which has been for a long time the accepted mode of procedure by which errors to the prejudice of appellees might be corrected without requiring them to take formal cross-appeals. We must therefore enquire into the correctness of the decree appealed from in both of its branches.

The law with respect to public highways is well settled.    In the case of *Commonwealth* v. *Kelly*, 8 Gratt. 632, it was held that "the mere user of a road by the public for however long a time will not constitute it a public road; that a mere permission

to the public, by the owner of the land, to pass over a road upon it, is, without more, to be regarded as a license, and revocable at the pleasure of the owner; that a road dedicated to the public must be accepted by the county court upon its records, before it can be a public road; and that if a county court lays off a road, before used, into precincts, or appoints an overseer or surveyor for it, thereby claiming the road as a public road, and if, after notice of such claim, the owner of the soil permits the road to be passed over for any long time the road may be well inferred to be a public road."

These principles were considered by this court in the case of *Buntin* v. *Danville,* 93 Va. 200, and a reference to that case, and the authorities there cited, renders any further discussion of the law unnecessary, except what will presently be said with respect to certain ancient statutes relied upon by the appellee.

There is nothing in the evidence which measures up to the requirements of the law as above stated. There is no evidence either of dedication to the public, or of an acceptance by the County Court upon its records. There is evidence that the county of Henrico was divided by the County Court into road districts; and there is evidence that that order as applied to the district in which this road is situated must have had reference to this road, or been wholly without any subject upon which it could operate, but that is wholly insufficient to create it a public road. If, instead of such an indirect recognition of it as a public road as could be inferred from this order, the County Court had in express terms declared the road in controversy to be a public road, it would not of itself have made it a public road unless the owner of the soil had permitted it to be used and enjoyed by the public as such, with knowledge of the claim, and without objection on his part.

Appellees, however, contend that from a very remote period this road has been used as a public highway, and that, by virtue of an act of the General Assembly passed in the fourth year of

the reign of Queen Anne, and by an act approved 31st of October, 1751, roads then used were declared to be, and were, by force and effect of these acts, established as public highways.

We do not think these acts bear that construction. The first declares that "where the same is not already done, public roads shall be laid out by the surveyors of the highways, in their several precincts, in such places as shall be most convenient for passing to and from the city of Williamsburg, the courthouse of every county, the parish churches, and such public mills and ferries as now are, or hereafter shall be erected, and from one county to another; and that the highways already laid out, together with such as shall hereafter be laid out, by virtue of this act, shall, at all times hereafter, be kept well cleared from woods and bushes, and the roots well grubbed up, at least thirty-foot broad." The act of 1751 is almost identical with that quoted. It does not establish roads, and such was not its purpose. It refers to two classes of highways, those already established, and those which it requires the surveyors of the highways to lay out so as to furnish convenient access to places which it designates, and provides the means by which they are to be opened and kept in order.

It would be a dangerous decision for us to declare, as we are urged to do by the appellees, that the effect of these statutes was to establish as public highways all roads that can be shown to have been in use at the date of their passage, and then apply the well established rule which they invoke that "once a highway always a highway, unless its abandonment as such can be established."

Nor can we presume a dedication or acceptance upon the part of the proper authorities merely because records have been lost or destroyed. The destruction or loss of public records gives warrant for no such presumption, the effect of such loss being to change the mode of proof as to their contents, and to admit secondary evidence in the place of an exemplification of the record.

We are of opinion that the Circuit Court did not err in finding that there was no public highway across the land of the appellant.

The law as to private easements is equally well settled. In Washburn on Easements and Servitudes, (4th ed.), p. 150, it is said: "The use and enjoyment of what is claimed must have been *adverse, under a claim of right, exclusive, continuous, uninterrupted,* and with the knowledge and acquiescence of the owner of the estate in, over, or out of which the easement prescribed for is claimed."

The evidence so far from being sufficient to establish the existence of a right of way on the part of Merryman over the lands of Gaines, tends strongly to show that its use on the part of Merryman and others was by permisssion of Gaines, and those under whom he claims. There is no evidence whatever that there was ever any enjoyment of a right of way over the land in question on the part of Merryman and those under whom he claims, adverse at any time to the right of Gaines, and those under whom he claims. There is no record of any such easement, and the weight of evidence is against rather than in favor of its existence.

The law being well settled, it would but serve to prolong this opinion to enter into a discussion of the testimony of witnesses, and the facts relied upon by the parties in support of their respective contentions.

We are of opinion that the Circuit Court erred in so much of its decree as holds that Merryman has a right of way over the land of the appellant, and this court will proceed to enter such decree upon that branch of the case as the Circuit Court should have rendered.

*Reversed.*