## Richmond.

JOHNSON v. MICHAUX.

January 13, 1910.

Absent, Buchanan, J.

1. APPEAL AND ERROR—*Appellant to Show Error.*—The burden is upon the appellant to satisfy this court that there was error to his prejudice in the decree of the trial court, and, failing in this, that decree will be affirmed.

2. OYSTER LAND—*Transfer—Writing Without Seal.*—A valid and binding writing, not under seal, transferring to the grantee in such writing oyster grounds leased by the grantor from the Commonwealth is sufficient as between the parties for that purpose.

Appeal from a decree of the Circuit Court of Warwick county. Decree for the defendant. Complainant appeals.

*Affirmed.*

The paper sought to be annulled in this case as a forgery purported to be a deed duly signed and acknowledged by the grantor, and attested by a witness. In fact, the grantor employed a colored attorney to write the deed, and verbally authorized the subscribing witness to sign his name thereto when written. The attorney, who was also the notary who made the certificate of acknowledgment, prepared the deed, and the attesting witness signed the name of the grantor thereto opposite the seal, and his own name as witness, and the notary certified the acknowledgment as made by the grantor.

*J. N. Stubbs* and *Philip St. Geo. Willcox,* for the appellant.

*Ashby & Read,* for the appellee.

KEITH, P., delivered the opinion of the court.

Henry Johnson filed his bill in the Circuit Court of Warwick county, in which he shows that one hundred acres of oyster planting ground in James river were assigned by the oyster inspector to Broadfield, Gardner and himself, and that it was surveyed, platted, staked and recorded in the clerk's office of the County Court of Warwick county, as required by statute; that they immediately entered into the possession of the ground and commenced to improve the same by planting oysters; that Gardner relinquished his interest to Broadfield and complainant, who remained in possession until by mutual consent they made partition of said land, each taking fifty acres thereof; that the fifty acres assigned to him has remained in his actual possession from such assignment and partition up to the filing of the bill; that he had recently learned that one Henry Michaux had had recorded in the clerk's office of the Circuit Court of Warwick county a deed purporting to be signed, sealed and acknowledged by complainant, conveying to him (Michaux) complainant's whole right, title and interest in said fifty acres of ground for the sum of two hundred and fifty dollars. Complainant alleges that he never "made, signed, sealed, acknowledged or delivered the said pretended deed to the said Michaux, and that the same, so far as it purports any signing, sealing or acknowledging by this complainant, is a forgery, and an attempted fraud upon the vested rights of this complainant, and your complainant is advised will, upon proof of the facts hereinbefore alleged, be declared annulled, canceled and absolutely void and of no effect"; that "Michaux has, within the last few days, attempted and is now attempting to exercise rights of ownership over the said ground by taking oysters therefrom, to the wrong and irreparable injury of your complainant; he, the said Michaux, being wholly insolv-

ent and financially irresponsible." The prayer of the bill is that Michaux, his employees, agents and attorneys may be enjoined and restrained from taking oysters from complainant's grounds, and otherwise interfering with him in the full and free use of the same.

Michaux demurred to and answered this bill, denying all of its material averments, and gives the following account of the transaction: That complainant, on the 18th day of May, 1904, gave a deed of trust or mortgage on the property in question, to secure the payment of $250 to Jessie Taylor, which deed of trust was duly signed and acknowledged by Johnson, but was never recorded; that Taylor afterwards insisted that complainant pay the indebtedness, and offered to sell the same to respondent, who, after seeing Johnson, bought the same from Taylor, and on October 27, 1906, was given a deed of trust by complainant on the following property: "All that certain piece or parcel of ground consisting of one hundred acres, more or less, on the James river, staked off for oyster planting, near 'Brown's Shoals,' in the county of Warwick, State of Virginia, with all of its improvements and oysters thereon, known as 'Henry Johnson's oyster ground,' and including all property appertaining to the oyster industry, boats, oyster-tongs and all appurtenances thereto." This indebtedness was evidenced by a note made by Johnson and endorsed by Taylor. This deed of trust, though duly signed by Henry Johnson, was at Johnson's request never put on record. It is averred that Johnson was in default in the payment of said sum of $250 to respondent, and while indebted requested respondent to pay off the taxes due upon said oyster planting ground, which respondent refused to do unless the matter was put in better shape than it was at that time; that Johnson then agreed to give respondent a one-half interest in the property in settlement of said indebtedness, and with one W. J. Gordon came to the office of N. B. Clark, in the city of Newport News, and there executed the deed filed

as Exhibit "A" with complainant's bill, W. J. Gordon signing as a witness; that respondent was not present when this transaction took place, but one or two other persons were present, and that the matter was understood by Johnson, and the paper writing freely executed by him; that respondent did not obtain possession of the deed for some time after it was executed, when it was handed to him by Clark and was mailed to the clerk's office of Warwick county and duly recorded; and that said deed was and is binding upon Johnson, and cannot be set aside and annulled in this or any other proceeding. It is further averred in the answer that Henry Johnson is in possession of the said fifty acres so conveyed to respondent and is getting oysters therefrom; that Johnson is insolvent, and this taking of the oysters is being done to the irreparable damage of respondent. Wherefore, he prays that this answer may be treated as a cross-bill, and that Johnson, his employees, agents and all others, may be enjoined and restrained from going upon the said oyster ground and taking therefrom oysters or any other things, or working or interfering with the said oyster ground in any way whatever.

Many depositions were taken on the part of both plaintiff and defendant; and the case coming on to be heard upon the bill and answer, and the exhibits filed with them, and the depositions of witnesses, the court dismissed the bill, and the plaintiff applied for and obtained an appeal from one of the judges of this court.

The prayer of the answer that it might be treated as a cross-bill seems to have been disregarded by the court and the parties. It is certain, at least, that no answer to it as a cross-bill appears in the record.

The bill is exceedingly general in its terms. In the sixth paragraph the complainant alleges "that he never made, signed, sealed, acknowledged or delivered the said pretended deed to the said Michaux, and that the same, so far as it purports any signing, sealing or acknowledging by this complainant, is a

forgery, and an attempted fraud upon the vested rights of this complainant." That he never signed, sealed, or acknowledged Exhibit "A," to which this paragraph alludes, may be true, and yet be perfectly consistent with the theory upon which the circuit court decided the case, for the court does not treat Exhibit "A" as a deed, but was of opinion that upon the proof it "must be held a valid and binding writing not under seal, and that such a writing is sufficient to pass the oyster ground therein mentioned." The account of the transaction given by the defendant in the answer, on the contrary, is detailed and specific. The evidence on both sides is obscure and unsatisfactory, and we shall not undertake to criticise and discuss it. The burden was upon the appellant to satisfy us that there was error to his prejudice in the decree of the circuit court, and this he has failed to do.

We are of opinion that the paper writing marked Exhibit "A" and filed with the bill is not shown to have been procured by fraud.

We confine ourselves strictly to the issue made, and express no opinion and decide nothing as between the Commonwealth and the parties to this controversy. In other words, the rights which Johnson had, whatever they may have been, in the twenty-five acres of oyster planting ground are vested in Michaux, but we say nothing as to the interest Michaux takes in those grounds as between himself and the Commonwealth.

The decree is affirmed.

*Affirmed.*