## Staunton.

## KENT AND OTHERS V. DOBYNS AND OTHERS.

#### Absent, Buchanan, J.

1. EASEMENTS—*Right of Way by Prescription—How Title Acquired.*
   In order to acquire title by prescription to a right of way over
   lands of another, the use and enjoyment thereof must be with
   the knowledge and acquiescence of the owner. It must be
   adverse, continuous and uninterrupted for at least twenty years,
   and along a definite line of travel. Moreover, the use must
   be exclusive in the sense that it does not depend for its enjoy-
   ment upon similar rights in others. Furthermore, title by
   prescription will not arise simply from a use by the permis-
   sion of the owner, for use by permission can never ripen into
   title. In the case at bar, the use was permissive, and in no
   sense founded on adverse claim.

2. EASEMENTS —*Judicial Determination — Estoppel — License.*—An
   order dismissing a petition for a public road and refusing to
   establish it, because the owner of the land through which the
   proposed road would pass testified that he had given permis-
   sion to the petitioner, and all others interested in the road, to
   use the same at any and all times, and that he had no inten-
   tion to revoke that permission, is not an adjudication that the
   petitioner had a right to use the road without the permission
   of the owner, and does not estop the owner from revoking the
   permission previously given at any time he may think fit. The
   license given by the owner remained a license, and was revoca-
   ble at the pleasure of the licensor.

3. EASEMENTS—*Part Performance by a Licensee—Equitable Ease-
   ment—Revocation.*—If the permissive use of a right of way be
   such that, if it were under seal, it would create an easement,
   it being classed as a license merely because it is oral, upon
   a part performance thereof by the licensee by the expendi-
   ture of money or otherwise, a court of equity may regard it as
   an equitable easement, and therefore irrevocable.

Appeal from a decree of the Circuit Court of Pulaski
county. Decree in part for the complainants. Defendants
appeal.

*Affirmed.*

The opinion states the case.

*John S. Draper* and *Joseph C. Wysor,* for the appellants.

*E. Lee Trinkle* and *W. B. Kegley,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This appeal is from a decree perpetually enjoining the appellants from using a roadway from J. Howe Kent's residence through the farm of appellees to the Giles turnpike. The bill, moreover, prays that the defendants be restrained from the use of another road from J. Howe Kent's to what is known as the mountain land, extending in part over the plaintiffs' property.

With respect to the latter route, the court adjudged the appellants, J. Howe Kent, Mrs. E. K. Hudson and Mrs. Ellen G. Bell, entitled to the right of way and denied the injunction; and that ruling is made the ground of cross-error by the appellees.

The appellants assert title to a private road to the Giles turnpike by prescription, by adjudication of a court of competent jurisdiction, and by estoppel.

The general principles of law applicable to this class of easements are well settled, and have received careful consideration by this court. For such easement to arise by prescription, the use must be with the knowledge and acquiescence of the owner; it must be adverse, continuous and uninterrupted for at least twenty years, and along a definite line of travel. It will not arise simply from permission of the owner, for it has been repeatedly held that the use of land of another for any length of time merely by permission will not ripen into title. Nor must the use of the way be in common with other people. It is not essential, however, in order to satisfy the latter principle, that the

claimant shall be the only one to enjoy the right of way, since other persons may likewise acquire a prescriptive right to use it; nevertheless, claimant's right must be exclusive in the sense that it does not depend for its enjoyment upon similar rights in others. 14 Cyc. 1145, *et seq.*

In *Reid* v. *Garnett,* 101 Va. 47, 48, 43 S. E. 182, Judge Buchanan summarizes the law on the subject as follows: "In order to establish a private right of way by prescription over the lands of another, the use and enjoyment thereof by the claimant must be shown to be adverse, under a claim of right, exclusive, continuous, uninterrupted and with the knowledge and acquiescence of the owner of the land over which it is claimed (*Gaines* v. *Merryman,* 95 Va. 660, 666, 29 S. E. 738; Washb. Easem. (3d ed.) side p. 86); and such use and enjoyment must continue for a period of at least twenty years. (*Cornett* v. *Rhudy,* 80 Va. 710.)"

To the same effect is the more recent case of *Williams* v. *Green,* 111 Va. 205, 68 S. E. 253.

Tested by these well settled criteria, the evidence, so far from being sufficient to establish a private right of way in the appellants, plainly shows that its use was by permission of Joseph Cloyd, the former owner, and was not exclusive in its character. They neither claimed nor possessed the exclusive right to use the road, but enjoyed it in common with anyone else who chose to travel it. The record also discloses that the Cloyds and Kents owned large boundaries of contiguous lands. For generations the two families had been allied by ties of consanguinity, affinity and friendship; and the permissive use of the roadway in question was the result of those relations, and in no sense founded on adverse claim.

The remaining contentions (namely, that appellants are entitled to the right of way by adjudication of a court of competent jurisdiction, and by estoppel) both rest upon an order of the Circuit Court of Pulaski county, on appeal from

an order of the county court denying the application of Joseph G. Kent (the father of J. Howe Kent) to establish the road in dispute as a public road. The order reads as follows:

"Jos. G. Kent, Appellant,

    v.

Joseph Cloyd, Appellee.

"Upon appeal from an order of the County Court of Pulaski county refusing to establish a public road.

"The court having heard and maturely considered the evidence in this cause, and it appearing that the appellant has a sufficient and convenient road over the same location proposed for a public road applied for, and the appellee, Joseph Cloyd, over whose land the road now passes, being examined as a witness, having declared that he had given permission to the said Kent, and all others interested in said road to use the same at any and all times, and that he had no intention to revoke that permission, the court is of opinion that there is no error in the order of the county court, and affirms the same with costs to the appellee."

It thus affirmatively appears from the order that Kent was using the road by permission of Cloyd and not by virtue of any title or claim of title in himself, and this permissive use was the basis of the court's refusal to open a public road. If the appellant was not satisfied with the result of the litigation and the limitations placed upon his rights by the order, his remedy was by appeal. There was certainly nothing in the declaration of Joseph Cloyd, as incorporated in the order, to operate an estoppel. It was a frank, open avowal of the rights of himself and Joseph G. Kent with respect to the road, and was in no way calculated to mislead the latter or otherwise to injuriously affect his rights. The parties stood in the relation of licensor and licensee towards each other, and the statement that Cloyd had no in-

tention to revoke the permission (a declaration which he kept in good faith during his lifetime) in no way affected the rights or changed the relations of the parties. The license remained a license, and was revocable at the pleasure of the licensor. 2 Min. Inst. (3d ed.) 27, 28; Bigelow on Estoppel (4th ed.) 557; 25 Cyc. 645.

Upon the second branch of the case, as we have seen, the circuit court decreed that J. Howe Kent, Mrs. E. K. Hudson and Mrs. Ellen G. Bell, children of Joseph G. Kent, were entitled to a right of way over the three hundred acre tract of land sold by Baskerville, trustee and commissioner, to Joseph Cloyd. This was an ancient roadway, passing originally wholly through the lands of Joseph G. Kent, and connecting his residence with the mountain land. When the intervening three hundred acre tract was offered for sale at public auction, the auctioneer announced that the private right of way was reserved, and the land was sold and purchased subject to that reservation.

In 1 Minor on Real Property, sec. 136, the author, in discussing the revocation of licenses, observes: "It seems, however, to be admitted that if the transaction be one which, if it were *under seal, would create an easement,* it being classed as a license merely because it is *oral,* upon a *part performance* thereof by the licensee by the expenditure of money or otherwise, a court of equity may regard it as an *equitable easement,* and therefore irrevocable."

This proposition is in accordance with the authorities cited in the notes, and sustains the decision of the learned circuit court.

Upon the whole case, we are of opinion that the decree appealed from is without error, and it must be affirmed.

*Affirmed.*