WITT V. CREASEY.

September 9, 1915.

1. HIGHWAYS—*Right of Way by Prescription.*—In order to establish a private right of way by prescription over the lands of another, the use and enjoyment thereof by the claimant must be shown to be adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the land over which it is claimed, and such use and enjoyment must continue for a period of at least twenty years.

2. HIGHWAYS—*Easement by Prescription—Adverse Use.*—In order to establish a title by prescription and to authorize the presumption of a grant, the adverse use must be unexplained and uncontradicted, and must not be merely a use in common with others. A use by the neighborhood generally under an implied license or permission negatives a presumption in favor of any particular individual that his use was adverse and exclusive.

3. WITNESSES—*Competency.*—A person who is neither a party to the suit nor interested in the result was competent at common law, and has not been rendered incompetent by the statute of this State.

4. WITNESSES—*Code, Sec. 3346—Testimony by Adverse Party.*—Where one party to a controversy has testified fully in his own behalf as to the subject-matter of the controversy, he thereby renders the other party competent under the provisions of section 3346, par. 2, of the Code.

5. EASEMENT—*Prescription—Consent.*—An easement of a right of way over land will not arise by prescription simply from permission of the owner of the servient estate, no matter how long the permissive use may continue. Where a use by permission has begun, it will, in the absence of some decisive act on the part of the owner of the dominant estate indicating an adverse and hostile claim, continue to be regarded as permissive, especially when the latter's use of the easement is in common with its use by others.

6. APPEAL AND ERROR—*Burden of Showing Error—Easements.*—A party who claims an easement of a right of way over the land of another has the burden of proof to establish his claim, and where the claim has been decided adversely to him in the trial court the burden is also upon him to overcome the presumption in favor of the correctness of the decision, and to satisfy the appellate court that error has been committed to his prejudice.

Appeal from a decree of the Circuit Court of Bedford county. Decree for the defendant. The plaintiff appeals.

*Affirmed.*

The opinion states the case.

*William Eubank,* for the appellant.

*Landon Lowry,* for the appellee.

KELLY, J., delivered the opinion of the court.

The question in this case is whether the appellant is entitled to a private right of way from his own land over and across the land of the appellee. The circuit court held that he was not entitled to such right, "by prescription or otherwise," and the correctness of that holding is challenged by this appeal.

The allegations of the bill do not indicate with entire perspicuity the exact basis upon which the appellant intends to rest his claim, but under a liberal and perhaps correct interpretation we may regard the bill as sufficient to set up a claim on his part to a right of way, either (1) as an easement appurtenant to his land, or (2) by necessity as incident to the original grant of the land to his predecessors in title, or (3) by prescription.

The first two of these grounds may be disposed of in very few words. We have carefully considered the evidence showing the history of the two tracts of land con-

110

cerned, which we shall call the Witt land and the Creasey land, and we think it satisfactorily appears that the sources of title thereto were originally separate and distinct, and that they have never been brought into such relationship to each other as that a grant of the one tract would create or convey a right of way over the other, either as an appurtenant easement, or by necessity.

The real question in the case, and the one most clearly raised by the pleadings, is whether the appellant is entitled to a right of way by prescription.

The law upon this subject is well settled. Counsel for both parties rely, in the main, upon the same authorities, and it is conceded that the general rule applicable to the case is stated by Judge Buchanan in *Reid* v. *Garnett*, 101 Va. 47, 48, 43 S. E. 182, as follows: "In order to establish a private right of way by prescription over the lands of another, the use and enjoyment thereof by the claimant must be shown to be adverse, under a claim of right, exclusive, continuous, uninterrupted and with the knowledge and acquiescence of the owner of the land over which it is claimed (*Gaines* v. *Merryman*, 95 Va. 660, 666, 29 S. E. 738; Washb. Easem. [3d ed.] side p. 86) ; and such use and enjoyment must continue for a period of at least twenty years (*Cornett* v. *Rhudy*, 80 Va. 710)." See also *Williams* v. *Green*, 111 Va. 205, 68 S. E. 253; *Kent* v. *Dobyns*, 112 Va. 586, 72 S. E. 139; *Walton* v. *Knight*, 62 W. Va. 223, 58 S. E. 1025.

In commenting upon the general proposition above quoted, Judge Buchanan makes it clear that the twenty years' use of the easement must, in order "to establish a title by prescription and to authorize the presumption of a grant," be unexplained and uncontradicted, and must not be merely a use in common with others.

The bill alleges and the evidence shows that the appellant and his father purchased the Witt land in 1877, and have

had the possession and control thereof practically ever since. The appellant lived on the land with his father until the latter's death.

A great many depositions were taken in the case and the testimony as a whole is conflicting and unsatisfactory. The appellant claimed and sought to prove that the road in question was in existence and in use when he and his father acquired the land in 1877, and had been so for years prior to that time. There is respectable evidence in support of this contention, but, considering the opportunities for accurate knowledge on the part of the witnesses testifying on this point, we think the appellant has failed to establish the claim that the road, even if it had been at some former time used, was in use at the time the Witts made their purchase. Moreover, the testimony of W. S. Woodford, who owned the Creasey land from 1867 until 1908 when he conveyed it to the appellee, and the testimony of his sons, W. J. and J. S. Woodford, tends very strongly to show that this right of way, as enjoyed by the appellant, originated and continued under and by virtue of a permission sought and obtained from the said W. S. Woodford by appellant's father after the purchase by the Witts in 1877. W. S. Woodford testifies unequivocally to this effect. This portion of his testimony was objected to on the ground that the elder Witt was dead at the time the deposition was given, but there is a two-fold answer to the objection. In the first place, W. S. Woodford was neither a party to the suit nor interested in the result. He had parted with the land by a deed in which there were no covenants of title and he could not be affected pecuniarily by the outcome of the litigation. He would, therefore, have been a competent witness independent of the statute and is not rendered incompetent by virtue of it. *Borst* v. *Nalle,* 28 Gratt. (69 Va.) 423, 434; *Reynolds' Exor.* v. *Calloway's Exor.,* 31 Gratt (72 Va.) 436, 440; *Gooddell* v. *Gibbons,*

91 Va. 608, 610, 22 S. E. 504. But in the second place, even if the rule of exclusion invoked by the appellant were applicable to the testimony in question, he could not avail himself of it because he had already testified at length in his own behalf, going fully into the subject matter of the investigation, stating in so many words that the right of way had been used by him as a matter of right, and stating in effect that its use by both him and his father had never from the outset been subject to any leave or license. This clearly rendered W. S. Woodford a competent witness under both the letter and the spirit of the statute. (Code, sec. 3346, sub-sec. 2.) It is not contended nor even suggested that W. S. Woodford was not a competent witness upon other points, as for example the location of the road, the time when the Witts first began to use it, the use of it by other persons, etc. But he was competent also upon every other matter pertinent to the issue, *Brock* v. *Brock*, 92 Va. 173, 175, 23 S. E. 224.

An easement will not arise by prescription simply from permission of the owner of the servient estate, no matter how long the permissive use may continue. *Kent* v. *Dobyns, supra;* Jones on Easements, sec. 282. And having begun by permission, it will, in the absence of some decisive act on the part of the owner of the dominant estate indicating an adverse and hostile claim, continue to be regarded as permissive, especially when the latter's use of the easement is in common with its use by others. *Reid* v. *Garnett, supra;* 14 Cyc. 1152.

The evidence shows that while the road was used more by the Witts than by others, there was more or less use of it by anybody who wanted to use it, the user being of a character to indicate that it was being enjoyed by the neighborhood generally under an implied license or permission. Such use, under the authorities, negatives any presumption in favor of any particular individual, and is

a strong circumstance in this case against the appellant's claim that his use of the road was adverse and exclusive. See *Reid* v. *Garnett, supra; Kent* v. *Dobyns, supra.*

Upon the whole case, although, as previously indicated, the evidence is so conflicting as not to admit of an entirely satisfactory conclusion, we are unable to find that the circuit court was not justified in holding, as stated in its decree, that the "complainant has failed to establish a right by prescription or otherwise to the outlet described in his bill." The burden was upon him in the court below to establish his claim, and is upon him here to overcome the presumption in favor of the correctness of the decree and to satisfy us that there was error to his prejudice. *Johnson* v. *Michaux,* 110 Va. 595, 599; 66 S. E. 823; *Smith* v. *Alderson,* 116 Va. 986, 990, 83 S. E. 373.

We are of opinion that the decree should be affirmed.

*Affirmed.*