Syllabus.

# Staunton.

## J. Q. JAYNE v. H. S. KANE.

September 18, 1924.

1. APPEAL AND ERROR—*Presumption in Favor of Judgment or Decree of Lower Court—Error Must Appear Affirmatively.*—The presumption of the law is in favor of the correctness of the judgment of the lower court, and the Supreme Court of Appeals will not reverse unless error affirmatively appears by the record.

2. APPEAL AND ERROR—*Record—Grounds of Demurrer.*—Where the lower court overrules a demurrer and the grounds of demurrer relied on in such court do not appear in the record, the Supreme Court of Appeals must sustain the action of the lower court in overruling the demurrer.

3. ATTACHMENT—*Jury—Neither Party Demanding a Jury.*—In the instant case, an attachment proceeding, the action of the lower court "in calling a jury to try this case, neither party demanding a jury," was assigned as error.

    *Held:* That there was no merit in this assignment.

4. ATTACHMENT—*Jury.*—Section 6404 of the Code of 1919 prescribes that the same action may be taken in attachment proceedings as is prescribed in section 6046 of the Code of 1919 for a notice of motion; therefore, it is not error for the trial court to empanel a jury in an attachment case to try the issue, as section 6048 of the Code of 1919 provides that where an issue of fact is joined on motion, a jury may be empaneled, when in the opinion of the court it is proper.

5. JURY—*Demand for Jury—Jury Trial not Abrogated by Section 6012 of the Code of 1919.*—While it is true that section 6012 of the Code provides: "In any case, unless one of the parties demand that the case be tried by a jury, the whole matter of law and of fact may be heard and determined, and judgment given, by the court," this statute is not intended to abrogate a trial by jury. It is only intended to bestow upon parties litigant the right to waive a determination of the issue joined by a submission to a jury and to have their rights determined by the court.

6. JURY—*Trial by Jury—Acquiescence Presumed.*—Where on a peal in an attachment case it was assigned as error that the court submitted the issue to a jury where neither party demanded a jury, the record failed to disclose that the objection was made before the jury was

empaneled, it is but fair to assume that there was complete acquiescence by both litigants in the mode in which the case was proceeded with.

7. TAXATION—*Bonds, Notes and Evidences of Debt—Allegation that Evidences of Debt were Reported for Taxation—Case at Bar.*—In the instant case, an action on a note, it was assigned as error that the judgment of the court below was void because it did not recite that the petition in the case alleged that the note sued on was reported and assessed for taxation. An inspection of the petition for the attachment revealed that it specifically alleged that the debt had been reported and assessed for each year of which petitioner was. the owner of it. By an addenda to the record, it appeared that due to an omission of the clerk, the original judgment failed to recite that the debt sued on had been reported for taxation and assessed as required by law. But after due notice to the defendant, this error was corrected pursuant to section 6333 of the Code of 1919, and the judgment as it now exists conforms to the law.

*Held:* That there was no merit in this assignment.

8. APPEAL AND ERROR—*Conflicting Evidence—Limitation of Actions.*—Where plaintiff testified that defendant had left the county and had never since returned there to live; that defendant on more than one occasion stated that he was living in West Virginia; and defendant denied *in toto* the statements of plaintiff, and further testified that he was a resident of the State, it was the province of the jury to solve the question as to which one of the parties was correct in his. testimony.

9. LIMITATION OF ACTIONS—*Removal from State.*—Where a debtor who resides in the State removes, after contracting the debt, to another State, the removal is itself an obstruction to the prosecution of a suit by the creditor to recover the debt, and the statute of limitations will not run against the debt while the debtor resides out of the State.

10. LIMITATION OF ACTIONS—*Obstruction to Prosecution of Suit—False Statements.*—If a debtor tells a creditor that he is living in another State and such statement is false, and the creditor is misled by the false statement and thereby prevented and obstructed in bringing his. suit, the statute will not run.

Error to a judgment of the Circuit Court of Scott county. Judgment for plaintiff. Defendant assigns. error.

*Affirmed.*

The opinion states the case.

*S. H. Bond*, for the plaintiff in error.

*S. W. Coleman*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This is a proceeding by attachment, instituted by the defendant in error against the plaintiff in error, seeking to enforce the payment of a certain negotiable note.

As a matter of convenience, Kane will be referred to as plaintiff and Jayne as defendant.

On the 5th day of September, 1922, the plaintiff filed his petition in the Circuit Court of Scott county, praying for an attachment to issue against the estate of the defendant on the ground that the defendant was indebted to him in the sum of two hundred dollars, with interest thereon from the 18th day of October, 1908; that the defendant was a nonresident and that he was the owner of real estate situated in the county. The sheriff of the county executed this attachment by levying the same on the undivided interest of defendant in 318¼ acres of land situate in Scott county.

From the record it appears that on the 18th day of June, 1908, the defendant executed his negotiable note to J. L. White, E. J. Buchanan and W. L. Harkey, for the sum of two hundred dollars, payable four months after date; the plaintiff endorsed the note as surety of said defendant; that this note was given in payment of the right to sell a patent bed brace in the State of West Virginia; that at the time the note was executed both parties resided in Scott county.

On a date not disclosed by the record, White, *et als.*, assigned the note, without recourse, to W. G. Sandoe,

who at the date of maturity of the note presented the same to plaintiff for payment; plaintiff on this occasion paid the sum of fifty dollars on the note and on the 7th day of January, 1909, paid the balance due and received from Sandoe the note.

At the October, 1922, term of the circuit court, the defendant appeared and pleaded the general issue to the said petition, and also filed a plea in writing of the statute of limitations, as follows:

"The defendant, J. Q. Jayne, says that the said supposed cause of action did not accrue at any time, if at all, within five years next preceding the institution of this suit or action, and this he is ready to verify."

To the plea of the general issue the plaintiff replied generally and also replied generally to the plea of the statute of limitations, and also filed two special replications in writing to the plea of the statute of limitations, as follows:

(1) "And the said plaintiff says that, by reason of anything in the said defendant's plea of the statute of limitations alleged, he ought not to be barred from having or maintaining his action aforesaid against the said defendant, because he says that the said note in the said declaration or petition mentioned was executed and delivered to the payees thereof while the said defendant was a resident of Scott county, Virginia, and that afterwards, and before the said plaintiff's said cause of action accrued, the said defendant moved his place of residence from and out of the State of Virginia and thus continued to be a nonresident of the State of Virginia until the said action was brought, thereby obstructing the prosecution of the said plaintiff's right and cause of action. And this he prays may be inquired of by the country."

(2) "And the said plaintiff says that by reason of anything in the said defendant's plea of the statute of limitations alleged he ought not to be barred from having or maintaining his action aforesaid against the said defendant, because he says that the said note in the declaration or petition mentioned and executed and delivered by the said defendant to the payees mentioned therein while the said defendant was a resident of Scott county, Va., and that afterwards and before said plaintiff's cause of action accrued, moved his place of residence from and out of the said county and has not since, until on the _____day of August, 1922, so far as said plaintiff was able to learn, owned any property in the said county or State; that before, at the time and since the said plaintiff's cause of action accrued, the said defendant represented and stated to the said plaintiff that he (the said defendant) resided in the State of West Virginia, which statement and representation the said plaintiff believed to be true and relied thereupon, and which said statements and representations of the said defendant obstructed the prosecution of the said plaintiff's said right and cause of action. And this he prays may be inquired of by the country."

To both of the special replications the defendant demurred, and the trial court overruled the demurrer in each instance. Thereupon, neither party objecting to a trial by jury, the court empaneled a jury and a trial was accordingly had, which resulted in a verdict for the plaintiff.

The first error assigned is to the action of the court in overruling the demurrer of the defendant to the two special replications of the plaintiff.

That the demurrer interposed was oral and general must be assumed as the record fails to disclose the

grounds thereof.    The only evidence that any demurrer was ever filed is found in the order of the court entered on the 10th day of January, 1923, wherein it is stated that the plaintiff filed two special replications in writing, "and the defendant demurred to said special replications, and the plaintiff joined therein, and was argued by counsel.    On consideration whereof the court is of the opinion that the grounds of demurrer are not well taken and doth overrule the same."

[1, 2] What grounds of demurrer were relied on in the lower court we are unable to say as none were stated as far as is shown by the record before us.

"The presumption of the law is in favor of the correctness of the judgment of the lower court, and the Supreme Court will not reverse unless error affirmatively appears by the record."    *Johnson* v. *Michaux,* 110 Va. 595, 66 S. E. 823.

We are, therefore, of the opinion that there is no merit in this assignment of error.

[3, 4] The second assignment of error is to the action of the court "in calling a jury to try this case, neither party demanding a jury."

This assignment raises a most novel question.    The point here made is that a litigant has been done a wrong by submitting his rights of property to a jury of his peers.    Heretofore a right to a trial by jury has been looked upon as something almost sacred, in fact so much has it been looked upon with favor, that it is provided in the organic law that "in controversies respecting property, and in suits between man and man, trial by jury is preferable to any other and ought to be held sacred."    Bill of Rights, section II.

Trial by jury has been referred to by Blackstone "as the palladium of our civil rights."

Section 6404 of the Code provides that, in an attachment proceeding, if the principal defendant has appeared generally, or been served with process, the court shall, if the plaintiff's claim be due, retain the cause and proceed to final judgment in like manner as if it had been a motion matured for hearing under section 6046.

Section 6046 comes under the provisions of chapter 251 of the Code, and relates to notices and motions, the mode of serving a notice, the remedy by motion, etc.

As section 6404 prescribes that the same action may be taken as is prescribed for a notice of motion, it was not error for the trial court to empanel a jury to try the issue, as there is embraced in this same chapter 251, section 6048, which provides: "On a motion, when an issue of fact is joined and either party desire it, or *when in the opinion of the court* it is proper, a jury shall be empaneled, unless the case be one in which the recovery is limited to an amount not greater than twenty dollars, exclusive of interest."

[5, 6] While it is true that section 6012 of the Code provides: "In any case, unless one of the parties demand that the case be tried by a jury, the whole matter of law and of fact may be heard and determined, and judgment given by the court," we are of the opinion that this statute is not intended to abrogate a trial by jury. It is only intended to bestow upon parties litigant the right to waive a determination of the issue joined by a submission to a jury and to have their rights determined by the court. In any event the record fails to disclose that this objection was made before the jury was empaneled and it is but fair to assume that there was complete acquiescence by both litigants in the mode in which the case was proceeded with.

2

[7] The third assignment is that "the judgment of the court is void because the judgment does not recite that the petition in the case alleged that the note sued on was reported for taxation on the 1st day of February of each year and assessed for taxation." The statute alleged to be violated is found in the tax bill contained in the Acts of 1922. The provision relied on is as follows:

"In every action at law or suit in equity in a court of record for the collection of any such bonds, notes or other evidences of debt, taxable hereunder, the plaintiff shall be required to allege in his pleading that such bonds, notes or other evidences of debt have been reported for taxation and assessed for each and every year on the first day of February of which he was the owner of the same, and no judgment or decree of the court shall be valid unless it recites that such allegation was made." Acts, 1922, page 553.

The purpose of this statute is to compel the holder of bonds, notes or other evidences of debt, to give in this class of property for taxation or else the judgment obtained thereon will be invalid.

There is no merit in this assignment, as an inspection of the petition for the attachment reveals the fact that in the third clause thereof it is specifically alleged: "That said debt has been reported for taxation and assessed for each and every year on the 1st day of February of which petitioner was the owner of same." It is further disclosed by an addenda to the record, that due to an omission of the clerk the original judgment failed to recite that the debt sued on had been reported for taxation and assessed as required by law.

After due notice to the defendant this error has been corrected pursuant to section 6333, Code of 1919, and the judgment conforms to the law as it now exists.

The fourth assignment of error is that the judgment of the court is contrary to the law and the evidence. This assignment calls in question the action of the trial court in refusing to set aside the verdict rendered by the jury in favor of the plaintiff.

[8] The only testimony in the case is that of the plaintiff and the defendant, and in every main particular is in irreconcilable conflict. The plaintiff testifies that shortly after the note in question was executed the defendant and his family left the county and have never since returned to live; that the defendant on more than one occasion, while in the county temporarily, stated to him that he was living in West Virginia; that he relied on this statement until he learned the defendant was a resident of Baltimore, Maryland; that the reason he did not sue defendant, he was unable to get process on him and for the further reason defendant did not own any property in Scott county until after the death of his father which occurred a short time before the institution of this action.

The defendant denied *in toto* the statements of the plaintiff, and further testified that for many years after the execution of the note he lived in Wise and Tazewell counties, Virginia, and saw the plaintiff frequently.

It was the province of the jury to solve the question as to which one of the parties was correct in his testimony. If what the defendant told the plaintiff, as to his removal from the State and taking up his residence in West Virginia, was true, then the defendant became a nonresident of the State of Virginia before the cause of action accrued and so remained until the attachment petition was filed, and thus could not avail himself of the statute of limitation.

[9] It was held in *Ficklin's Ex'r* v. *Carrington,* 31 Gratt. (72 Va.) 219, that "where a debtor who resides in the State removes, after contracting the debt, to another State, the removal itself is an obstruction to the prosecution of a suit by a creditor to recover the debt, and the statute of limitations will not run against the debt while the debtor remains out of the State."

[10] If what the defendant told the plaintiff in regard to his living in West Virginia was false, then the plaintiff was, according to his testimony, misled by the false statement and thereby prevented and obstructed in bringing his suit.

The jury having resolved the conflict of evidence in favor of the plaintiff, we are of the opinion that the judgment of the trial court should be affirmed.

*Affirmed.*