FIELD

*v.*

ALBEMARLE COUNTY.

(*Supreme Court of Appeals of Virginia, Jan. 17, 1895.*)

[20 S. E. Rep. 954.]

**Counties—Liability—Fires Set by Employees.**

The plaintiff permitted a force of hands engaged in working the county roads to occupy his barn, and while there they negligently caused it to burn: *held*, that the county was not responsible for the loss.

**Same—When Liable to Suit.**

Counties, being political divisions of the state, cannot be sued except in cases where by statute such suits are allowed, as in cases growing out of contracts with them, but not for injuries resulting from the negligence of their officers or servants.

Error to circuit court, Albemarle county.

James G. Field's barn was burned by the negligence of some men who were engaged in working the county roads. From a judgment holding the county of Albemarle not liable for the damage he sustained he brings error. Affirmed.

*Jas. G. Field*, in pro. per.

*Micajah Woods*, for defendant in error.

KEITH, P., delivered the opinion of the court.

James G. Field filed his petition before the board of supervisors in the county of Albemarle, in which he complained that in the month of October, 1890, he had permitted one Peyton, who was then engaged with a force of hands, plows, carts, mules, and horses in working and repairing the highways of said county, to occupy a barn and stable upon his farm in said county; that the said barn and stable were, on the night of the 3d day of November, 1890, wholly destroyed by fire, and that the fire was the result of the negligence of the county, its agents and servants. He alleges that his loss, after deducting the sum of $250, the amount of a policy of insurance upon the stable, amounted to $1,187.50, and this sum he prays the board of supervisors to allow to be paid to him. The board rejected his claim, and, upon successive appeals to the county and circuit courts of the county of Albemarle, the action of the board of supervisors was sustained, and thereupon he appealed to this court for a writ of error, which was allowed.

The learned judge of the circuit court, whose opinion is filed with the brief of the attorney for the defendant in error, considered that this case was ruled by that of Fry v. County of Albemarle, reported in 86 Va. 195, 9 S. E. 1004, and we are unable to discover any material distinction between the two cases. That was a case in which the plaintiff brought suit for injury to the person by the wrongful and negligent act of the agents and servants of the county of Albemarle. Here the injury sustained by the plaintiff in error was to his property by the alleged wrongful act of the same defendant. In each case the remedy is by an action for the wrong, and not upon any contract, express or implied. The opinion of the court in the case cited from 86 Va. and 9 S. E., delivered by Lacy, J., in our judgment correctly expounds the law in that case. The authorities are fully considered, and the conclusion arrived at is that "counties, being political divisions of the state, cannot be sued except in cases where by statute such suits are allowed,

as in cases growing out of contracts with them, but not for injuries resulting from the negligence of their officers or servants.''
It follows, therefore, that the judgment of the circuit court was plainly right, and that it must be affirmed.