## Staunton.

### BARE v. WILLIAMS.

September 17, 1903.

Absent, Buchanan, J.*

1. PUBLIC HIGHWAYS—*Roads—Evidence of Establishment.*—Public high-ways should be matters of public record and identified with such reasonable certainty as to apprise the public of their location, and supply them with the means of ascertaining their rights in the premises, and also to make known to individuals to what extent their lands have been appropriated to public uses. This is now accomplished in this State by the plat or diagram required to be filed with the report of viewers appointed in proceedings to establish public roads.

2. ROADS—*Public Highways—Burden of Proving—Case at Bar.*—The burden of proving that a particular road is a public highway rests on the party alleging that fact. That burden has not been sustained in the case at bar. Neither the record nor the parol evidence taken in aid of it identifies the road in controversy as the public road shown to have been previously established. The evidence strongly tends in the other direction, and it is further shown that the road in controversy has always been a "gated" road, and has not been worked· or kept in repair by the public within the memory of the oldest witnesses who testify on the subject.

Appeal from a decree of the Circuit Court of Rockbridge county pronounced October 9, 1902, in a suit in chancery wherein the appellee was the complainant, and the appellant was the defendant.

*Affirmed.*

The opinion states the case.

*Frank T. Glasgow*, for the appellant.

*Hugh A. White*, for the appellee.

*Judge Buchanan was detained at home by sickness.

WHITTLE, J., delivered the opinion of the court.

This was a suit in equity in the Circuit Court of Rockbridge
county, brought by appellee, R. E. Williams, to enjoin appel-
lant, Adam Bare, from entering upon the lands of the plaintiff,
and breaking down his gates, and passing through his premises
to the public road leading from Buena Vista to Lexington.

The case made by the bill is that, at the date of plaintiff's
purchase of the farm in question, it was completely inclosed by
a fence, with no visible evidence of a road or way, public or
private, through the land; that the metes and bounds called for
by plaintiff's deed do not indicate the existence of any road or
way, but, to the contrary, show that the boundary of land is
complete and unbroken, and that there is no road or right of
way through the same, other than the ordinary private roads
owned and used by the plaintiff and former owners of the
property for their own purposes.

The bill further alleges that for many years the defendant,
Adam Bare, had been the owner of a tract of land contiguous
to plaintiff's farm on the north, and that a few years ago he
bought another farm, which adjoins plaintiff on the south, and
that since said purchase the defendant has persistently asserted
a right to a permanent roadway through the center of plaintiff's
land, a distance of three-quarters of a mile, connecting his two
properties; that the right of way thus claimed, if allowed, will
cut plaintiff's farm about in half; that it will also cut off his
spring from his dwelling, and pass along the side of his front
yard, through the orchard, barnyard, and private lots, near the
dwelling, and will cut off one-half of his farm from water.

The bill controverts the pretension on the part of the defend-
ant, and charges that a short time before the institution of this
suit the plaintiff locked all the gates on his premises (four in
number) through which the defendant had to pass along the

route in question, which gates the defendant broke down, leaving plaintiff's premises open and exposed.

Plaintiff insists that the establishment of such a right of way as is claimed by the defendant would practically destroy the value of his property.

The defendant, by his answer, avers that the road in controversy is, and has been for generations, a public highway; that it was duly established by an order of the County Court of Rockbridge county, and has been used as a public thoroughfare for a great many years by the citizens of that section of the county lying eastwardly and southeastwardly from plaintiff's farm. The answer sets out in detail the defendant's theory of the case.

Much evidence, documentary and parol, was introduced, and at the hearing the trial court, being of opinion that there was no public highway through the lands of the plaintiff, entered the decree now under review, perpetually enjoining the defendant, Adam Bare, his agents and servants, from entering upon or passing over the lands of the plaintiff.

It appears from the records of the County Court that in the year 1788 a public road was established from the town of Lexington to a gap in South Mountain, known as the "Lexington and Pryor's Gap," or "Pedlar Gap," road; and parol evidence was adduced to show that from a very early period it was the only public highway from Hart's Bottom, now the city of Buena Vista, to the town of Lexington.

Still, neither the record, nor parol evidence taken in aid of it, identifies the road referred to as the road now claimed by appellant through the lands of appellee.

The evidence strongly tends to controvert that theory, and to show that whatever may have been the original location of the old road in the vicinity of appellee's land, by an order of the County Court of June, 1836, a change was made in the former road, beginning at McCorkle's Spring Branch, and extending to

and connecting with the Lexington and Boat Yard Road at Bur-. den's Branch, which alteration, having been adopted by the County Court, to that extent operated a discontinuance of the old road.

The evidence further shows that the road through appellee's premises has always been a gated road, and has not been worked or kept in repair by the public within the memory of the oldest witnesses who testify on the subject.

It is settled law that public highways should be matters of public record, and identified with such reasonable certainty as to apprise the public of their location, and supply them with the means of knowing to what extent they may travel along them without becoming trespassers; and also to make known to individuals how much and what part of their lands have been appropriated to public use. The requisite certainty of location is obtained in this State by the statutory requirement that a plat or diagram shall accompany and be filed with the report of viewers appointed in proceedings to establish public roads.

The burden of proof in the case rests upon appellant to sustain his contention that the road in question is a public highway, and careful consideration of all the evidence leads to the conclusion that he has failed to establish that fact with that degree of certainty which the law demands.

If, as counsel maintains, the road in controversy is a public necessity, the public may condemn it in a proper proceeding for that purpose; but that end cannot be attained in this litigation, by the inconclusive character of evidence relied on to accomplish it.

The decree of the Circuit Court of Rockbridge county is without error, and must be affirmed.

*Affirmed.*