# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## BOARD OF SUPERVISORS OF PRINCE WILLIAM COUNTY v. MANUEL AND OTHERS.

### March 16, 1916.

### Absent, Keith, P.

1. BOARD OF SUPERVISORS—*Unlawfully Opening Road—Damages.*—In the absence of statute, no action lies against a board of supervisors for damages inflicted on a landowner by unlawfully directing the opening a road through his premises.
2. DAMAGES—*Abatement—Highways—Roads—Case in Judgment.*—Under the evidence in the case in judgment, it was error to abate the damages fixed by the master for invasion of complainants' land and the injury done thereto. The evidence establishes a case of unwarranted invasion of complainants' property by a highway officer and destruction of their line fence and trees and excavations made in their land, for which the officer is liable to respond in damages.
3. HIGHWAYS—*Prescription—Extent—Enlarging Road.*—The extent of a highway by prescription is to be governed by the extent of the user. The public right in such case rests upon user and can only be coextensive therewith. If the present public convenience demands more land it must be acquired by condemnation or other lawful methods. It cannot be taken by force. Highway officers have no right to alter or change the location as acquired by prescription.

Appeal from a decree of the Circuit Court of Prince William county. Decree for complainants. Defendants appeal.

*Amended and affirmed.*

The opinion states the case.

*Thomas H. Lyon,* for the appellants.

*H. Thornton Davies* and *R. A. Hutchinson,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is a bill in equity by appellees to enjoin appellants from encroaching upon their land bordering on what is known as the "Page land lane," and from further destruction of the trees thereon; and also to recover damages suffered by reason of the depredation complained of.

The case made by the bill, in substance, is as follows: That plaintiffs are the owners of 140 acres of land lying in Gainesville magisterial district of Prince William county, the rear line of which is coincident with the easterly margin of the "Page land lane;" that this road, or lane, was originally laid out by the Pages (plaintiffs' predecessors in title) as a private mill road; that the public have since acquired title to the road by prescription; that at the point in controversy the road separates plaintiffs' land from that of A. W. Smith, a brother of the defendant, Palmer Smith; that recently the board of supervisors, in concert with their superintendent of roads, have attempted to change or widen the roadway as originally laid out and as acquired and used by the public, by encroachment upon plaintiffs' land, and to that end, without lawful authority, have invaded plaintiffs' premises, and with their traction engine have uprooted and destroyed one hundred ancient ornamental cedar trees and other trees, which defined the eastern boundary of their land, and have torn down their line fence, gate posts and gate, and made extensive excavations on their land; that the injury already done to their property is irreparable and is tantamount to taking and damaging the same for the use of the public without compensation; and that this invasion of their premises will be resumed unless the defendants are enjoined from further depredation.

The defendants filed separate demurrers and answers to the bill. The board of supervisors denied all connection with or knowledge of the alleged grounds of complaint; while the defendant, Smith, averred that the "Page land lane" was a

public road and had long been maintained at public expense; that respondent did not invade plaintiffs' premises, but, from time to time, they had encroached upon the road until at certain points it was not more than fifteen feet wide; that he only undertook to remove obstructions from the road, so that it could properly be worked and maintained; and that his acts were done under orders from the board of supervisors.

The court overruled the demurrers, and referred the case to a commissioner in chancery to take evidence and report upon the issues made by the bill and answers.

The commissioner, upon abundant evidence, sustained the allegations of the bill, and assessed plaintiffs' damages at $225, but did not undertake to report "on whom the burden of the damages should fall." Both defendants excepted to the report, and the court, having reduced the damages assessed to $125 and correctly held that the board of supervisors were not responsible therefor, decreed the same against the defendant, Smith. *Fry* v. *Albemarle Co.,* 86 Va. 195, 9 S. E. 1004, 19 Am. St. Rep. 879; *Field* v. *Albemarle Co.,* 2 Va. Dec. 67, 20 S. E. 954.

Appellees, under Rule VIII, assigned as cross error the action of the circuit court in reducing the amount of damages allowed by the commissioner.

We are of opinion that the court erred in abating the damages. The evidence establishes a case of unwarranted invasion of plaintiffs' property by a highway officer, and the destruction by him of their line fence and trees, and excavations made in their land; and he is responsible for the trespass and liable to answer in damages therefor.

No question of exemplary damages is involved, since, under the evidence, the finding of the commissioner is a conservative estimate of the actual damage sustained by appellees. The boundaries of the road, which, as observed, was acquired by prescription, were too plainly marked to admit of mistake. As its name implies, "Page land lane" was a narrow way with fences and line trees on both sides. Many of the trees

on appellees' side were estimated to be a century old, and the "worm fence" which appellants destroyed gave evidence of its antiquity. Beside, the roadbed from long use had worn away, leaving high banks on both sides.

In *Commonwealth* v. *Kelly,* 8 Gratt. (49 Va.) 632, it was held that a road could become a public road in ways other than by formal statutory proceedings, and prescriptive roads are of that class. Speaking generally, the extent of such highway is to be governed by the extent of the user. In other words, the public right rests on usage, and should be coextensive therewith. Elliott on Roads and Streets (3d Ed.), secs. 193, 195; *District of Columbia* v. *Robinson,* 180 U. S. 92, 100, 21 Sup. Ct. 283, 45 L. Ed. 440, 37 Cyc. 40.

So, in *Talmage* v. *Hunting,* 29 N. Y. 447, it was held that, "in ascertaining and describing a road which had not been laid out, but has become a highway merely by public use for twenty years, the power of the highway commissioners is limited to ascertaining the boundaries of the road according to the actual use for twenty years. They have no right in the exercise of this power to alter and change the boundaries with reference to present public convenience."

In such case, if additional land is needed by the public, they may acquire it by condemnation proceedings, or in some other lawful way, but not by force. *Bare* v. *Williams,* 101 Va. 800, 45 S. E. 331.

For these reasons, the decree appealed from must be amended in the particular indicated, and, as amended, will be affirmed.

*Amended and affirmed.*